

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. ___B-02-205___ |
| | § | |
| AMERICAN STANDARD, INC. | § | |
| | § | |
| Defendant, | § | |

### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant American Standard Inc. ("American Standard") files this notice of removal. As

grounds for removal, American Standard states the following:

1.    American Standard is a defendant in a civil action pending in the 103d District Court

of the State of Texas, County of Cameron, entitled "Transcontinental Insurance Company, Plaintiff

v. American Standard Inc., Defendant," Cause No. 2002-07-002717-D. A true and correct copy of

all process, pleadings, orders signed by the state judge, the docket sheet, an index of matters being

filed, and a list of all counsel of record, including addresses, telephone numbers, and parties

represented is being filed with this notice as required by 28 U.S.C. § 1446(a) and Local Rule 81 for

the Southern District of Texas.

2.    This action was commenced on July 10, 2002. American Standard, the sole

defendant, first received the citation as served upon its registered agent on September 30, 2002.

Therefore, this notice of removal is timely filed under 28 U.S.C. § 1446(b) within 30 days of receipt

of the initial pleading setting forth the claim for relief.

3.      The district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties, in that every defendant is now, and was at the time the action was commenced, diverse in citizenship from every plaintiff. No defendant is, or was at the time the suit was commenced, a citizen of the State of Texas. Transcontinental Insurance Company, the plaintiff, was at the time this action was commenced and is now presently incorporated in the State of Illinois. Transcontinental Insurance Company had at the time this action was commenced and presently has its principle place of business in Chicago, Illinois. American Standard, the defendant, was at the time this action was commenced and is presently incorporated in the State of Delaware. American Standard had at the time this action was commenced and presently has its place of business in Piscataway, New Jersey. Transcontinental Insurance Company's Original Petition, attached to this notice as Exhibit "A", asserts a claim against American Standard in an amount in excess of $ 75,000, exclusive of interest and costs. Because this action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $ 75,000, exclusively of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1).

4.      Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

5.      American Standard, the removing party, will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). American Standard will promptly file a copy of this Notice of Removal with the Clerk of the 103d District Court of the State of Texas, Cameron County, where the action is currently pending, also pursuant

to 28 U.S.C. § 1446(d).

WHEREFORE, American Standard Inc., the defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes the case styled "Transcontinental Insurance Company, Plaintiff, v. American Standard Inc., Defendant," Cause No. 2002-07-002717-D, from the 103d District Court of the State of Texas, Cameron County, on this 22ⁿᵈ day of October, 2002.

Respectfully submitted,

GERMER, BERNSEN & GERTZ, L.L.P.

BY: _____ *permission by*
    JAMES R. OLD, JR.
    STATE BAR NO. 15242500
    805 PARK STREET
    BEAUMONT, TEXAS 77701
    TELEPHONE: (409) 838-2080
    TELECOPIER: (409) 838-4050

ATTORNEYS FOR DEFENDANT,
AMERICAN STANDARD INC.

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and Notice of Removal filed by Defendant American Standard Inc. has been served by Certified Mail, Return Receipt Requested, postage pre-paid and properly addressed on plaintiff's counsel as listed below on this __22nd__ day of October, 2002:

    C. Wesley Vines
    Cozen and O'Connor
    2300 BankOne Center
    1717 Main Street
    Dallas, Texas 75201-7335

                                            James R. Old, Jr.

V:\WPDOCS\DMH\GreggBrown\removal.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | B-02-205 |
| v. | § § | CIVIL ACTION NO. _____ |
| AMERICAN STANDARD, INC. | § § | |
| Defendant, | § | |

**INDEX OF MATTERS BEING FILED**

Defendant American Standard Inc. is filing the following matters:

(1)     Removal of Cause No. 2002-07-2717-D; *Transcontinental Insurance Company v. American Standard, Inc.*; In the 103rd Judicial District Court, Cameron County, Texas. This matter has been removed on grounds of diversity and includes allegations of causes of action as follows:

      (a)     Plaintiff, Transcontinental Insurance Company has alleged negligence, strict product liability and breach of warranty against Defendant American Standard Inc.;

      (b)     No counterclaims, cross actions, third-party actions, interventions, or other related claims have been filed in this matter to date.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| TRANSCONTINENTAL INSURANCE COMPANY | § |
|---|---|

TRANSCONTINENTAL INSURANCE
COMPANY                          §
                                 §
        Plaintiff,               §
                                 §
                                 §            **B-02-205**
v.                               §     CIVIL ACTION NO. _____
                                 §
AMERICAN STANDARD, INC.          §
                                 §
        Defendant,               §

**COUNSEL OF RECORD**

| ATTORNEYS' NAME/ADDRESS | PHONE/FAX NOS. STATE BAR NOS. | REPRESENTATION |
|---|---|---|
| **Plaintiff** | | |
| Mr. C. Wesley Vines<br>State Bar No. 20586050<br>COZEN AND O'CONNOR<br>2300 BankOne Center<br>1717 Main Street, Suite 2300<br>Dallas, Texas 75201 | (o) (214) 462-3000<br>(f) (214) 462-3299 | Transcontinental Insurance Company |
| **Defendants** | | |
| James R. Old, Jr.<br>State Bar No. 15242500<br>GERMER, BERNSEN & GERTZ, L.L.P.<br>805 Park Street<br>Beaumont, Texas 77701 | (o) (409) 838-2080<br>(f) (409) 838-4050 | American Standard Inc. |

V:\WPDOCS\DMH\GreggBrown\counsel.wpd                        Page 1

CAUSE NO. 2002072717D          **CERTIFIED COPY**

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE CO. | ) | IN THE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff/Petitioner | ) | |
| vs. | ) | 103RD DISTRICT COURT, CAMERON |
| AMERICAN STANDARD, INC. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant/Respondent | ) | COUNTY, TEXAS |

### ORDER AUTHORIZING SERVICE UNDER RULE 103
### TEXAS RULES OF CIVIL PROCEDURE

On this day came to be heard the request that the Court authorize service of process upon a party to this cause pursuant to Rule 103, Texas Rules of Civil Procedure. After considering the affidavit of **Keith Lowery** the Court finds that the requirements of Rule 103 have been met and that service under such Rule should be authorized.

**IT IS THEREFORE ORDERED** that **Keith Lowery** is authorized to serve Citations and other notices in this cause and to make return thereof.

Signed this ___5R___ day of ___August___, 2002 .

JUDGE PRESIDING

– 6 2002

COPIES TO:

HON C WESLEY VINES – (2-cert.)

FILED 9.00 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
AUG – 6 2002
DISTRICT COURT

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 10-22-02
DEPUTY

CAMERON COUNTY, TEXAS

**CERTIFIED COPY**



**AFFIDAVIT**

STATE OF TEXAS

COUNTY OF *DALLAS*

I, the undersigned, make the following representations to the Judge of said court, to induce him or her to enter an order authorizing me to serve citations and/or notices issued from his/her court pursuant to Rule 103, Texas Rules of Civil Procedure. I have personal knowledge of the facts and statements contained in this affidavit and each are true and correct.

1.  I am not less than 18 years of age.

2.  I am an individual residing in the State of Texas.

3.  I will neither request the authority to nor will I serve any process in any case in which I am a party or have an interest in the outcome of the case.

4.  I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

5.  I have studied and am familiar with the Texas Rules of Civil Procedure, Vernon's Texas Civil Statutes, and Civil Remedies Code and all other applicable rules and statutes relating to service of citations and notices.

Keith Lowery

SIGNED TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on this the

*22nd* day of *July* , 200*2*

ALAYNE SHAW
Notary Public State of Texas
My Commission Expires
03-29-2004

NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

DISTRICT COURT
CAMERON COUNTY, TEXAS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE *10-11-*
DEPUTY

CERTIFIED COPY CAUSE NO. 2002072717D

TRANSCONTINENTAL INSURANCE CO.                    )    IN THE
                                                  )
                                                  )
                                                  )
                                                  )
                    Plaintiff/Petitioner          )
    vs.                                            )    103RD DISTRICT COURT, CAMERON
AMERICAN STANDARD, INC.                           )
                                                  )
                                                  )
                                                  )
                                                  )
                    Defendant/Respondent          )    COUNTY, TEXAS


## MOTION FOR RULE 103


        Petitioner moves the Court to order service of citation on

as prescribed by Rule 103 of the T.R.C.P.

        Private Process Server Keith Lowery
is an individual that is a resident of the State of Texas and is
over the age of 18 years and is not party to or interested in the
outcome of this case.

        Petitioner requests the Court issue its order authorizing
service by Rule 103 of citation and other notices in the
above-styled and numbered cause by the above named individual, by
delivering to
so that he/she may be notified of this suit.


Respectfully Submitted:

_____

Attorney for Plaintiff
Texas Bar#

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 19-22-2
BY _____ DEPUTY

CAUSE NO. ~~2(0-C7-2717-D~~ CERTIFIED COPY

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | CAMERON COUNTY, TEXAS |
| AMERICAN STANDARD, INC. | § § | |
| Defendants. | § § | ___ JUDICIAL DISTRICT |

*FILED ... AURORA ... JUL 1 2002 DISTRICT COURT ...*

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TRANSCONTINENTAL INSURANCE COMPANY, (hereinafter referred to as "Transcontinental" or "Plaintiff"), complaining of Defendant AMERICAN STANDARD, INC. (hereinafter referred to as "American Standard" or "Defendant"), and for their causes of action would respectfully show the Court as follows:

### I. DISCOVERY

1.     Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Court and all parties concerned that discovery in the above matter will be conducted under Level 2 of this Rule.

### II. THE PARTIES

2.     TRANSCONTINENTAL INSURANCE COMPANY, ("Transcontinental") is an Illinois corporation duly formed and existing under the laws of the State of Illinois and licensed to practice business in the state of Texas.

3.     AMERICAN STANDARD, INC. ("American Standard") is a Delaware corporation duly formed and existing under the laws of the State of Delaware and licensed to do business in the state of Texas, having its principal place of business at 1 Centennial Avenue, Piscataway, New

CERTIFIED COPY

Jersey. American Standard can be served with process through its Registered Agent for Service:

CT Corp System, 350 N. St. Paul Street, Dallas, Texas 75201. Service is requested at this time.

## III. JURISDICTION AND VENUE

4.      This action arises out of a water loss (the "Incident") that damaged real and personal

property at the place of business of Plaintiff's Insured, Valley Diagnostic Clinic, P.A. ("Plaintiff's

Insured") located at 2200 Haine Drive; Harlingen, Cameron County, Texas (the "Premises").

Accordingly, venue is proper in Cameron County, Texas pursuant to § 15.037 of the Tex. Civ. Prac.

& Rem. Code.

5.      Transcontinental incurred damages in excess of the minimum jurisdictional limits of

this Court. The damages suffered include, but are not limited to, payment made to Plaintiff's Insured

for the destruction of real and personal property owned by Plaintiff's Insured at the time of the

Incident, as well as business interruption and loss of business expenses incurred as a result of the loss

of use of the Premises by Plaintiff's Insured after the Incident.

## IV. FACTS

6.      At all material times hereto, Plaintiff issued an insurance policy to Valley Diagnostic

Clinic, P.A. (hereinafter "Plaintiff's Insured" or "Valley Diagnostic") for loss of property due to fire

at 2200 Haine Drive, Harlingen, Harris County, Texas ("hereinafter "the Premises"). Based upon

information and belief the facts are as follows:

7.      At all times relevant hereto, the Premises were owned by Valley Diagnostic.

8.      Based upon information and belief, a toilet manufactured by Defendant ("the Subject

Toilet") was installed for use at the Premises. On or about March 4, 2001, the defective condition

of the Subject Toilet caused the plastic supply hose of the Subject Toilet to break and cause the flow

of water to the Subject Toilet to continue to run after the tank filled. The water continued to flow

CERTIFIED COPY

in the Subject Toilet causing it to overflow and flood the Premises. As a result of this flood, Plaintiff's insured suffered extensive damage to the Premises and personal property of the Plaintiff's Insured, and forced them to incur additional business interruption and loss of business expenses as a result of the loss of use of the Premises by Plaintiff's Insured.

9.     As a result of the Incident, Plaintiff's Insured made a claim to Transcontinental for payment of the loss. Transcontinental has paid $3,998,728.08 to Plaintiff's Insured to date for damages as a result of the Incident. This amount is expected to increase. Accordingly, to the extent of its payments, Transcontinental is legally and/or conventionally subrogated to the rights of Valley Diagnostic arising out of the Incident.

## V.  CAUSES OF ACTION

*FIRST CAUSE OF ACTION – NEGLIGENCE*

10.     As and for its **FIRST CAUSE OF ACTION** against Defendant, Plaintiff restates and realleges the previous paragraphs as if fully set forth herein, and would further show the Court following:

11.     At all times material hereto, Defendant owed a duty to Plaintiff's Insured to exercise reasonable care in the design, engineering, manufacture, construction, and/or assembly of the Subject Toilet. Defendant violated this duty by negligently manufacturing, constructing, assembling, and/or marketing the Subject Toilet and by failing to act reasonably prudent under the circumstances. Defendant's negligent acts or omissions include, but are not limited to, the following:

(a)     Supplying the defective Subject Toilet, which Defendant knew or should have known subjected the property of Plaintiff's Insured to an unreasonable risk of harm;

(b)     Supplying the Subject Toilet which was defective and unreasonably dangerous to persons and other property;

(c)     Failing to warn of the defective condition, which it knew or should have known created an unreasonable risk of harm to the property of Plaintiff's Insured's;

CERTIFIED COPY

(d)   Failing to adequately, properly, and safely inspect, test, and/or repair the Subject Toilet and make the necessary corrections and adjustments, which inspections, tests, or repairs would have revealed the existence of the dangerous conditions;

(e)   Failing to manufacture and/or assemble the Subject Toilet properly and correctly;

(f)   Failing to manufacture and/or assemble the Subject Toilet in a good and workmanlike manner;

(g)   Continuing to manufacture, assemble and/or sell such Toilets when it knew or should have known of the dangerous characteristics of said Toilet;

(h)   Using improper parts, components and/or materials in the construction and manufacture of the Subject Toilet;

(i)   Failing to adequately, properly and/or safely instruct and/or train its employees, agents and/or others as to the proper manufacture, assembly inspection and/or testing, with regard to the Subject Toilet;

(j)   Failing to provide, establish and/or follow proper and adequate procedures as to ensure the safety and integrity of the Subject Toilet;

(k)   Failing to manufacture, assemble, inspect and/or test the Subject Toilet in conformity with the prevailing industry and/or governmental specifications and standards;

(l)   Failing to adequately and properly supervise its employees and/or agents in the manufacture, assembly, inspection, testing, operation and/or maintenance of the Subject Toilet;

(m)   Otherwise failing to use reasonable care under the circumstances.

12.     Each of the above-referenced acts and omissions, singly or in combination with others, constituted negligence, which proximately caused the damages suffered by Transcontinental, in excess of the minimum jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION - STRICT LIABILITY

13.     As and for its **SECOND CAUSE OF ACTION** against Defendant, Plaintiff restates and realleges the previous paragraphs as if fully set forth herein, and would further show unto the Court the following:

CERTIFIED COPY

14.    Prior to the date of the Incident, Defendant designed, manufactured, assembled, inspected, tested, sold and/or distributed the Subject Toilet and introduced it into the stream of commerce, in a manner so as to render it defective, unsafe, and/or unreasonably dangerous. The defective condition of the Subject Toilet caused the Incident. At the time of the Incident, the Subject Toilet was being used in a manner for which it was designed, manufactured, assembled and sold.

15.    As delineated in more detail above and herein, Defendant's manufacture, assembly, inspection, testing, sale and/or distribution of the Subject Toilet caused defective, unsafe, and unreasonably dangerous conditions, which were the producing and proximate cause of the damages sustained by Plaintiff in excess of the minimum jurisdictional limits of this Court.

## THIRD CAUSE OF ACTION - BREACH OF IMPLIED WARRANTIES

16.    As and for its **THIRD CAUSE OF ACTION** against Defendant, Plaintiff restates and realleges the previous paragraphs as if fully set forth herein, and would further show unto the Court the following:

17.    At all times material herein, Defendant impliedly warranted that, among other things, it manufactured, assembled, inspected, sold and/or distributed the Toilet and/or its parts or components in a good and workmanlike manner, that the Toilet was of merchantable quality and/or that the Toilet was fit for ordinary use and/or for the particular use for which it was purchased. Defendant breached this warranty by, among other things:

(a)    Failing to manufacture, assemble, inspect, test, supply, distribute and/or sell the Subject Toilet in a good and workmanlike manner; and

(b)    Supplying Plaintiff with the Subject Toilet, which was not merchantable or fit for its ordinary use.

18.    Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of the aforesaid implied warranties and, as a direct and proximate result, caused the Incident and Plaintiff's damages in excess of the minimum jurisdictional limits of this Court.

## VI. DAMAGES

 CERTIFIED COPY

19.    As a result of the causes of action set out herein, Plaintiff has suffered damages within the jurisdictional limitations of this Court.

## VII. JURY DEMAND

20.    Plaintiff demands that this Court empanel a lawful jury to hear this case.

## VIII. RESERVATION OF RIGHTS

21.    Plaintiff specifically reserves the right to bring additional causes of action against the Defendants and to amend this Petition as necessary.

## PRAYER

WHEREFORE, Plaintiff prays that Defendant be cited to appear and to answer herein and that upon a final hearing, the Court enter a judgment in favor of Plaintiff against the Defendant in excess of the jurisdictional limits of this Court, for compensatory and/or economic damages, costs, prejudgment interest, post-judgment interest, and for such other and further relief, general or special, both at law and in equity, to which Plaintiff is entitled.



A TRUE COPY I CERTIFY
____ DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATED ____
BY ____ DEPUTY

Respectfully submitted,

C. WESLEY VINES
Texas Bar No. 20586050
COZEN AND O'CONNOR
2300 BankOne Center
1717 Main Street
Dallas, Texas 75201-7335
214-462-3000 - telephone
214-462-3299 - facsimile

**ATTORNEYS FOR PLAINTIFF**

DALLAS1\76318\1 112639.000

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
LAS VEGAS
LONDON
LOS ANGELES

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
WASHINGTON, DC
WEST CONSHOHOCKEN
WILMINGTON



# COZEN
# O'CONNOR
## ATTORNEYS

A PROFESSIONAL CORPORATION

2300 BANKONE CENTER    1717 MAIN STREET    DALLAS, TX 75201-7335
214.462.3000    800.448.1207    214.462.3299 FAX    www.cozen.com

June 18, 2002

**Sharon Gold**
Direct Phone 214.462.3056
Direct Fax    214.915.4956
sgold@cozen.com

District Court Clerk
District Court of Cameron County
974 E. Harrison Street
Brownsville, TX 78520

Re:    Cause No. _____  *Transcontinental Insurance Company v. American Standard, Inc.*
In the District Court of Cameron County, Texas
C&O File #            :        112639

Dear Sir/Madam:

Relative to the above referenced copy, enclosed please find the original and three copies of Plaintiff's Original Petition and our firm check in the amount of $228.00 to cover the filing fee for the petition and issuance of one citation as follows:

American Standard
c/o Registered Agent for Service:  CT Corp. System
350 N. St. Paul Street
Dallas, TX 75201

Kindly file this petition with the Court, issue the citation and forward to this office for service, file stamp the extra copies, and return the extra copies to the undersigned in the enclosed self-addressed, stamped envelope.

Should you have any questions or concerns, please feel free to contact me at the above direct dial number.

Very truly yours,
COZEN O'CONNOR

By:    Sharon Gold
Paralegal to C. WESLEY VINES

/sg
Enclosures (check)
DALLAS1\84656\1 112639.000

# GERMER, BERNSEN & GERTZ, L.L.P.

### ATTORNEYS AT LAW
#### 805 PARK STREET
#### BEAUMONT, TEXAS 77701
#### (409) 838 – 2080 • Fax (409) 838 – 4050
#### E-MAIL · postmaster@germer.com • WEB PAGE: www.germer.com

JAY W. FANCHER

E-Mail. jwfancher@germer.com

October 17, 2002

Mr. Aurora de la Garza          ***Via Federal Express Mail & CM/RRR***
CAMERON COUNTY CLERK
974 E. Harrison Street
Brownsville, Texas 78520

Re:     Cause No. 2002-07-2717-D; *Transcontinental Insurance Company v. American Standard Inc.*; In the 103rd District Court; Cameron County, Texas; GBG #21686

Dear Mr. Garza:

Enclosed please find the following document which we would ask that you file in connection with the above-referenced case:

*       **DEFENDANT, AMERICAN STANDARD INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

I am providing an additional copy of the enclosed document which we would greatly appreciate your file-stamping and returning it in the self addressed stamped envelope for our file records.

By copy of this letter, we are providing a copy of same to all counsel of record.

Thank you for your assistance in this matter.

Yours truly,

**GERMER, BERNSEN & GERTZ, L.L.P.**

Jerry W. Fancher, Jr.

JWF/dlm
Enclosure

F:\wpdocs\21686\corresp\filing 01.wpd

GERMER, BERNSEN & GERTZ, L.L.P.
550 Fannin Street • Beaumont, Texas 77701 • (409) 654 – 6700 • Fax (409) 835 – 2115 • Fax (409) 835 – 3373
Three Allen Center • 333 Clay • Suite 4105 • Houston, Texas 77002 • (713) 650 – 1313 • Fax (713) 759 – 7420
GERMER, BERNSEN, GERTZ, BEAMAN & BROWN, L.L.P.
301 Congress Avenue • Suite 1825 • Austin, Texas 78701 • (512) 472 – 0288 • Fax (512) 472 – 0771
14101 Highway 290 West • Building 1100 • Austin, Texas 78737 • (512) 894 – 1888 • Fax (512) 894 – 1340

Mr. John Appleman
October 17, 2002
Page 2

cc:    C. Wesley Vines                      ***Via Certified Mail/RRR***
        COZEN AND O'CONNOR
        2300 BankOne Center
        1717 Main Street
        Dallas, Texas 75201-7335

F \wpdocs\21686\corresp\filing 01 wpd

CERTIFIED COPY

FILED _____
AURORA DE LA GARZA DIST. CLERK

OCT 21 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

DEPUTY

CAUSE NO. 2002-07-002717-D

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | CAMERON COUNTY, TEXAS |
| AMERICAN STANDARD, INC. | § § | |
| Defendant, | § | 103d JUDICAL DISTRICT |

## DEFENDANT AMERICAN STANDARD INC's
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant, American Standard Inc. files its Original Answer to Plaintiff's Original Petition and any subsequent or amended petition and in support shows the following:

### I.

Pursuant to the Texas Rules of Civil Procedure Defendant generally denies each and every, all and singular, the claims and causes of action asserted by Plaintiff and demands that Plaintiff be required to prove such claims and causes of action in accordance with Texas law.

### II.

Pleading further, Defendant would show that the conduct of third persons over whom these persons had no control is the direct, proximate and sole cause of Plaintiff's injuries.

### III.

Defendant would show that subsequent intervening events and actions have occurred which were the sole proximate cause of the Plaintiff's alleged injuries, if any. Such events constitute a "new and independent cause" of Plaintiff's alleged injuries or illnesses, if any. Defendant is not responsible for such subsequent intervening causes or events, or the negligence of third parties over

F:\wpdocs\21686\pleadings\answer.wpd

Page 1

ORIGINAL ANSWER



whom this Defendant has no control.

## IV.

Plaintiff's claims are barred by Plaintiff's contributory negligence, including but not limited to Plaintiff's failure to mitigate its damages.

## V.

This Defendant reserves the right to plead further and in greater particularity as such may become appropriate, and as a result of additional discovery being taken in this matter.

## JURY DEMAND

This Defendant respectfully requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant, American Standard Inc. prays that upon final trial of this matter a judgment that Plaintiff take nothing by its claims against this Defendant, that an order be entered taxing all costs of defense relating to this matter against Plaintiff and that this Defendant receive such other and further relief, general and special, at law and equity to which it is entitled.

Respectfully submitted,

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DATE _____
BY _____ DEPUTY

MEHAFFY, WEBER, BERNSEN & GERTZ, L.L.P.

By: _____

JAMES R. OLD, JR.
STATE BAR NO. 15242500
805 PARK STREET
BEAUMONT, TEXAS 77701
TELEPHONE: (409) 838-2080
TELECOPIER: (409) 838-4050

ATTORNEYS FOR DEFENDANT.

2

**CERTIFIED COPY**

AMERICAN STANDARD INC.
CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing pleading by Defendant American Standard Inc. has been served by Certified Mail, Return Receipt Requested, postage pre-paid and properly addressed on plaintiff's counsel as listed below on this ⟨17⟩ th day of October, 2002:

C. Wesley Vines
Cozen and O'Connor
2300 BankOne Center
1717 Main Street
Dallas, Texas 75201-7335

Jerry W. Fancher, Jr.

3

# VIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

PAGE: 01

CERTIFIED COPY CASE NO. 2002-07-002717-D

| ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|
| | | MONTH | DAY | YEAR |
| | | 07 | 10 | 02 |
| 00625701<br>C. WESLEY VINES<br>1717 MAIN STREET<br>DALLAS, TEXAS        75201 7335 | (10)<br><br>DAMAGES/NEGLIGENCE | JURY FEE $<br><br>PAID BY | | |

COURT'S DOCKET (Rule 26, TRCP)

ANY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
DEPUTY

DISTRICT COURT
CAMERON COUNTY TEXAS