United States District Court
Southern District of Texas
FILED

JAN 3 0 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| | § | CIVIL ACTION NO. B-02-205 |
| V. | § § | |
| AMERICAN STANDARD, INC. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The parties conducted a conference on January 16, 2003. Participating in the conference were:

   > Mr. C. Wesley Vines; COZEN O'CONNOR; 2300 BankOne Center, 1717 Main Street, Suite 2300, Dallas, Texas 75201; ATTORNEYS FOR PLAINTIFF, TRANSCONTINENTAL INSURANCE COMPANY; and

   > Mr. Dale M. "Rett" Holidy; GERMER, BERNSEN & GERTZ, L.L.P.; 333 Clay, Suite 4105, Houston, Texas 77002; ATTORNEYS FOR DEFENDANT, AMERICAN STANDARD INC.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   Transcontinental Insurance Company brought this subrogation claim to recoup expenses in the amount of $3,998,728.08 that it paid to its insured, Valley Diagnostic Clinic, P.A., for damages resulting from water damages which occurred on March 4, 2001. Plaintiff contends that the water damages were caused by an allegedly defective product manufactured by American Standard Inc.

4. **Specify the allegation of federal jurisdiction.**

   Federal jurisdiction is based on diversity pursuant to 28 U.S.C. §1332.

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   The parties anticipate adding a component part supplier in the near future.

7. **List anticipated interventions.**

   It is possible that Plaintiff's insured, Valley Diagnostic Clinic, P.A., may file an intervention.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have agreed to exchange initial disclosures by February 14, 2003.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f):**

    **Matters raised in Rule 26(f)(1):**

    The parties have agreed to exchange initial disclosures by February 14, 2003.

    This report will be filed on or before January 31, 2003. Otherwise, no changes should be made in the timing, form or requirement for disclosures under FED. R. CIV. P. 26(a).

    **Matters raised in Rule 26(f)(2):**

    Subjects on which discovery may be needed: causation, including whether the product was defective, whether Valley Diagnostic Clinic was contributorily negligent and whether Defendant and its insured failed to mitigate damages; and damages.

    Discovery should be completed by August 31, 2003.

Discovery does not need to be conducted in phases.

**Matters raised in Rule 26(f)(3):**

None.

**Matters raised in Rule 26(f)(4):**

None.

b. **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates serving Defendant with interrogatories by June 30, 2003.

c. **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates serving plaintiff with interrogatories by June 30, 2003.

d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Defendant's experts, fact witnesses and corporate representative on or before August 31, 2003.

e. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant's experts, fact witnesses and corporate representative on or before August 31, 2003.

f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate its experts on or before May 30, 2003.

Defendant will designate its experts on or before June 30, 2003.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff will depose Defendant's testifying experts on or before August 31, 2003.

      h.      List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

             Defendant will depose Plaintiff's testifying experts on or before July 31, 2003.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties agree as to all aspects of the discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    The parties plan to complete discovery on August 31, 2003.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties believe that written discovery is necessary before settlement negotiations may begin in good faith. If those are unsuccessful, the parties will mediate the case on or before September 30, 2003.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Plaintiff agreed to provide what discoverable documents it had prior to the suit. However, there was some delay associated with obtaining supporting documentation from its insured. Plaintiff has again agreed to provide what discoverable documents it has as quickly as possible to help facilitate a quicker resolution.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Mediation is the reasonably suitable alternative dispute resolution method for this case. It would be most effectively used following the depositions of the experts.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on trial before a magistrate judge.**

    The parties do not agree to have this case referred to a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Defendant made a timely jury demand.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate that it will take 30 to 40 hours to present the evidence in this matter.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    There are no pending motions.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    Although none are anticipated at this time, there is some concern about access to the Plaintiff's insured's facility, documents, witnesses, materials and financial information. However, Plaintiff has affirmed that its insured has a duty to cooperate and will cooperate in providing access to the facility and the needed information.

    The parties have further agreed that if trade secret or otherwise sensitive documents become discoverable, they will enter an appropriate agreed protective order.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing of original and any amendments.**

    All parties have complied.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    >C. Wesley Vines
    >State Bar No. 20586050
    >Cozen O'Connor
    >1717 Main Street, Suite 2300
    >Dallas, Texas 75201
    >(214) 462-3008 - Telephone
    >(214) 462-3299 - Facsimile
    >**ATTORNEY IN CHARGE FOR PLAINTIFF,**

Cozen O'Connor
1717 Main Street, Suite 2300
Dallas, Texas 75201
(214) 462-3008 - Telephone
(214) 462-3299 - Facsimile
**ATTORNEY IN CHARGE FOR PLAINTIFF,
TRANSCONTINENTAL INSURANCE COMPANY**

James R. Old, Jr.
State Bar No. 15242500
Federal ID No. 10751
Germer, Bernsen & Gertz, L.L.P.
550 Fannin805 Park Street
Beaumont, Texas 77701
(409) 654-6700 - Telephone
(409) 835-2115 - Facsimile
**ATTORNEY IN CHARGE FOR DEFENDANT,
AMERICAN STANDARD INC.**

**OF COUNSEL:**
Dale M. "Rett" Holidy
State Bar No. 00792937
Federal ID No. 21382
Germer, Bernsen & Gertz, L.L.P.
333 Clay, Suite 4105
Houston, Texas 77002
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile

Respectfully submitted,

**Cozen O'Connor**
1717 Main Street, Suite 2300
Dallas, Texas 75201
(214) 462-3008 - Telephone
(214) 462-3299 - Facsimile

By: _____
C. Wesley Vines
State Bar No. 20586050

**Attorney in Charge for Plaintiff,
Transcontinental Insurance Company**

GERMER, BERNSEN & GERTZ, L.L.P.
550 FANNIN, 7TH FLOOR
BEAUMONT, TEXAS 77701
(409) 838-2080 - TELEPHONE
(409) 838-4050 - FACSIMILE

By: *[signature] w/ permission by [signature]*
JAMES R. OLD, JR.
STATE BAR NO. 15242500
FEDERAL ID NO. 10751

**ATTORNEY-IN-CHARGE FOR DEFENDANT,
AMERICAN STANDARD INC.**

OF COUNSEL:
DALE M. "RETT" HOLIDY
STATE BAR NO. 00792937
FEDERAL ID NO. 21382
GERMER, BERNSEN & GERTZ, L.L.P.