# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § § | |
| Plaintiff | § § § | |
| vs. | § § § § | CIVIL ACTION NO. B-02-205 |
| AMERICAN STANDARD, INC. | § § § | |
| Defendant | § | |

United States District Court
Southern District of Texas
FILED

MAR 0 4 2003

Michael N. Milby
Clerk of Court

## MOTION FOR LEAVE TO INTERVENE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES VALLEY DIAGNOSTIC CLINIC, P.A., to file this Motion for Leave to Intervene and would respectfully show unto the Court as follows:

### I.

1.     On October 22, 2002, a Notice of Removal was filed in this Court removing the civil action titled "Transcontinental Insurance Company, Plaintiff v. American Standard, Inc., Defendant, Cause No. 2002-07-002717-D, from the 103rd District Court of Cameron County, Texas," to the Brownsville Division of the Southern District of Texas on the basis of diversity jurisdiction. In the action removed to this Court, Transcontinental Insurance Company seeks recovery of amounts it paid to Valley Diagnostic Clinic, P.A., for losses suffered by Valley Diagnostic as a result of the failure and overflow of a toilet manufactured by American Standard,

Inc. This overflow and loss occurred on or about March 4, 2001.

2. Valley Diagnostic Clinic, P.A., suffered additional damages for which it has not been compensated and seeks to intervene in the present action before this Court in order to recover those damages. A copy of Valley Diagnostic's Plea in Intervention is attached as Exhibit "A" to this Motion.

3. Intervention is proper and appropriate in this case because the underlying event and factual basis giving rise to Valley Diagnostic's action against American Standard, Inc., is the same as the event at issue in the action presently before this Court between Transcontinental Insurance Company and American Standard. The issues and proof pertaining to American Standard's liability will be essentially the same for both causes of action. Thus, intervention in this action by Valley Diagnostic Clinic will not delay or prejudice the adjudication of the rights of either of the original parties to this action, but will enhance the efficiency with which these matters are ultimately resolved. Finally, this Court's diversity jurisdiction will not be effected by this intervention because Valley Diagnostic Clinic, P.A., is diverse in citizenship from both of the original parties.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that its Motion for Leave to Intervene be granted, and that Intervenor be permitted to join the above cause of action and pursue its claims against American Standard, Inc.

262579.1/chh/524

Respectfully submitted,

GARY, THOMASSON, HALL & MARKS
Professional Corporation
Attorneys for Valley Diagnostic Clinic, P.A.
P. O. Box 2888
Corpus Christi, Texas 78403
(361) 884-1961  FAX (361) 889-5100


By: /s/ Gordon D. Laws w/permission
Gordon D. Laws
State Bar No. 12057650
Federal Bar No. 12417

## CERTIFICATE OF SERVICE

I certify that on March 3, 2003, a complete and correct copy of <u>Intervenor's Motion for Leave to Intervene</u> was served on the following counsel of record:

*Certified Mail, RRR No. 7001 1940 0005 4571 6088*
James R. Old, Jr.
GERMER, BERNSEN & GERTZ, L.L.P.
805 Park Street
Beaumont, Texas, 77701

*Certified Mail, RRR No. 7001 1940 0005 4571 6095*
C. Wesley Vines
COZEN AND O'CONNOR
2300 BankOne Center
1717 Main Street
Dallas, Texas 75201-7335

/s/ Gordon D. Laws w/permission
Gordon D. Laws

262579.1/chh/524

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY<br><br>Plaintiff<br><br>and<br><br>VALLEY DIAGNOSTIC CLINIC, P. A.<br><br>Intervenor<br><br>vs.<br><br>AMERICAN STANDARD, INC.<br><br>Defendant | CIVIL ACTION NO. B-02-205 |

## ORIGINAL PLEA IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES VALLEY DIAGNOSTIC CLINIC, P.A., hereafter identified as "Plaintiff," to file this Original Complaint, complaining of AMERICAN STANDARD, INC., hereinafter identified as "Defendant," and for cause of action would respectfully show unto the Court as follows:

### I.
### PARTIES

1.  Intervenor is a Professional Association duly organized under the laws of the State

of Texas, located in Cameron County, Texas.

2. Plaintiff, Transcontinental Insurance Company is an Illinois corporation and has already answered and appeared in this action.

3. Defendant, American Standard, Inc. is a Delaware corporation and has already answered and appeared in this action.

## II.
## JURISDICTION

4. The jurisdiction of this Court is invoked pursuant to the 28 U.S.C. §1332 as diversity exists between the parties and the amount in controversy exceeds $75,000.00.

## III.
## VENUE

5. Intervenor has its principal place of business in Cameron County, Texas.

6. A substantial part of the events and omissions giving rise to the Intervenor's claims arose in the City of Harlingen, Cameron County, Texas.

7. Pursuant to 28 U.S.C. §1391, venue is proper in the Brownsville Division of the Southern District of Texas.

## IV.
## OPERATIVE FACTS

8. On March 4, 2001, Intervenor's offices, medical equipment and office equipment sustained significant water damage caused by the malfunction and overflow of Intervenor's upstairs toilet. This toilet was manufactured by Defendant, American Standard. As a result of this malfunction, Intervenor suffered substantial damage to parts of its building housing its Cardiology and Radiology Departments, its business personal property, valuable papers, x-ray

films and records. In addition, Intervenor was unable to operate its Radiology Department for nearly 12 months. Consequently, Intervenor suffered significant business interruption losses. In addition, in an effort to mitigate its damages, Intervenor has leased portable diagnostic equipment incurring extra expenses which are covered losses under the policy. Intervenor has also incurred other extra expenses.

## V.
## CAUSES OF ACTION

**NEGLIGENCE**

9.　For each and every of the following allegations, Intervenor hereby incorporates all facts presented in Paragraph IV of this Original Complaint, as well as any additional facts which may be presented in any paragraph hereinunder.

10.　At all times material hereto, Defendant owed a duty to Intervenor to exercise reasonable care in the design, engineering, manufacture, construction, and/or assembly of the toilet at issue in this action, and by failing to act reasonably prudent under the circumstances. Defendant's negligent acts include:

(a)　Supplying the defective toilet, which Defendant knew or should have known subjected the property of Intervenor to an unreasonable risk of harm;

(b)　Supplying the toilet, which was defective and unreasonably dangerous to person and other property;

(c)　Failing to warn of the defective condition, which it knew or should have known created an unreasonable risk of harm to the property of Intervenor;

(d)　Failing to adequately inspect and test the toilet in a way that would have revealed

the existence of the dangerous conditions that resulted in the toilet's failure;

(e)     Failing to manufacture and/or assemble the toilet properly and correctly;

(f)     Failing to manufacture and/or assemble the toilet in a good and workmanlike fashion;

(g)     Continuing to manufacture, assemble and or sell such toilets when Defendant knew or should have known of the dangerous characteristics of said toilet;

(h)     Using improper parts, components and /or materials in the construction and manufacture of the toilet;

(i)     Failing to adequately, properly and/or safely instruct and/or train its employees, agents and/or others as to the proper manufacture, assembly inspection and/or testing with regard to the toilet;

(j)     Failing to provide, establish and/or follow proper and adequate procedures as to ensure the safety and integrity of the toilet;

(k)     Failing to manufacture, assemble, inspect and/or test the toilet in conformity with the prevailing industry and/or governmental specifications and standards;

(l)     Failing to adequately and properly supervise its employees and/or agents in the manufacture, assembly, inspection, testing, operation and/or maintenance of the toilet;

(m)     Otherwise failing to use reasonable care under the circumstances.

Each of the above-referenced acts and omissions, singly or in combination with others, constituted negligence, which proximately the damages suffered by Intervenor in excess of the minimum jurisdictional limits of this Court.

262585.1/chh/524

**STRICT LIABILITY**

11.     For each and every of the following allegations, Intervenor hereby incorporates all facts presented in Paragraph IV of this Original Complaint, as well as any additional facts which may be presented in any paragraph hereinunder.

12.     Prior to the date of the incident at issue in this lawsuit, Defendant designed, manufactured, assembled, inspected, tested, sold and/or distributed the toilet at issue and introduced it into the stream of commerce, in a manner so as to render it defective, unsafe, and/or unreasonably dangerous. The defective condition of the toilet caused the incident and Intervenor's damages. At the time of the incident, the toilet was being used in a manner for which it was designed, manufactured, assembled and sold.

13.     As delineated in more detail above and herein, Defendant's manufacture, assembly, inspection testing, sale and/or distribution of the toilet caused defective, unsafe, and unreasonably dangerous conditions, which were the producing and proximate cause of the damages sustained by Intervenor in excess of the minimum jurisdictional limits of this Court.

**BREACH OF IMPLIED WARRANTIES**

14.     For each and every of the following allegations, Intervenor hereby incorporates all facts presented in Paragraph IV of this Original Complaint, as well as any additional facts which may be presented in any paragraph hereinunder.

15.     At all times material herein, Defendant impliedly warranted that, among other things, it manufactured, assembled, inspected, sold and/or distributed the toilet and/or its parts or components in a good and workmanlike manner, that the toilet was of merchantable quality and/or that the toilet was fit for ordinary use and/or for the particular use for which it was

purchased. Defendant breached this warranty by, among other things:

(a) Failing to manufacture, assemble, inspect, test, supply, distribute and/or sell the toilet in a good and workmanlike manner; and

(b) Supplying Intervenor with the toilet, which was not merchantable or fit for its ordinary use.

16. Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of the aforesaid implied warranties and, as a direct and proximate result, caused the incident and damages at issue, in excess of the minimum jurisdictional limits of this Court.

## VI.
## DAMAGES

17. As a result of the causes of action set out above, Intervenor has suffered substantial damage to parts of its building housing its Cardiology and Radiology Departments, its business personal property, valuable papers, x-ray films and records. In addition, Intervenor was unable to operate its Radiology Department for nearly 12 months. Consequently, Intervenor suffered significant business interruption losses. In addition, in an effort to mitigate its damages, Intervenor has leased portable diagnostic equipment incurring extra expenses which are covered losses under the policy. Intervenor has also incurred other extra expenses.

## VII
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that citation be issued and served upon Defendant in the form and manner prescribed by law, requiring Defendant to appear and answer herein, and that, upon final hearing hereon, Intervenors have

1.  Judgment against Defendant, for actual damages;

2.  Pre-judgment interest, at the legal rate;

3.  Post-judgment interest, at the legal rate;

4.  Costs of Court;

5.  Costs of Suit; and

6.  All such other and further relief to which Intervenor may be justly entitled.

Respectfully submitted,

GARY, THOMASSON, HALL & MARKS
Professional Corporation
Attorneys for Valley Diagnostic Clinic, P.A.
P. O. Box 2888
Corpus Christi, Texas 78403
(361) 884-1961  FAX (361) 889-5100


By: _____
Gordon D. Laws
State Bar No. 12057650
Federal Bar No. 12417

## CERTIFICATE OF SERVICE

I certify that on March 3, 2003, a complete and correct copy of <u>Original Plea in Intervention</u> was served on the following counsel of record:

*Certified Mail, RRR No. 7001 1940 0005 4571 6088*
James R. Old, Jr.
GERMER, BERNSEN & GERTZ, L.L.P.
805 Park Street
Beaumont, Texas, 77701

*Certified Mail, RRR No. 7001 1940 0005 4571 6095*
C. Wesley Vines
COZEN AND O'CONNOR
2300 BankOne Center
1717 Main Street
Dallas, Texas 75201-7335

_____
Gordon D. Laws