*15*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY | § | |
| | § | CIVIL ACTION NO. B-02-205 |
| V. | § | ANDREW S. HANEN, JUDGE |
| | § | |
| AMERICAN STANDARD INC. | § | JURY |

### DEFENDANT, AMERICAN STANDARD INC.'S
### ANSWER TO INTERVENOR, VALLEY DIAGNOSTIC CLINIC, P.A.'S
### PLEA IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, American Standard Inc. ("American Standard"), incorrectly sued as "American Standard, Inc.," in answer to the allegations contained Valley Diagnostic Clinic, P.A.'s ("Valley Diagnostic") Original Plea in Intervention, files this Answer and would show the Court the following:

1.    Based on information and belief, American Standard admits the contentions contained in Paragraph 1 of Valley Diagnostic's Original Plea in Intervention.

2.    Based on information and belief, American Standard admits the contentions contained in Paragraph 2 of Valley Diagnostic's Original Plea in Intervention.

3.    American Standard admits the contentions contained in Paragraph 3 of Valley Diagnostic's Original Plea in Intervention.

4.    American Standard admits the contentions contained in Paragraph 4 of Valley Diagnostic's Original Plea in Intervention.

5.    Based on information and belief, American Standard admits the contentions contained in Paragraph 5 of Valley Diagnostic's Original Plea in Intervention.

6.     Based on information and belief, American Standard admits the contentions contained in Paragraph 6 of Valley Diagnostic's Original Plea in Intervention.

7.     American Standard admits the contentions contained in Paragraph 7 of Valley Diagnostic's Original Plea in Intervention.

8.     Based on information and belief, American Standard admits that Valley Diagnostic's offices, medical equipment and office equipment sustained water damage on March 4, 2001 and that the water would appear to have overflowed from a toilet located in an upstairs restroom. Based on information and belief, American Standard admits that it manufactured the toilet located in an upstairs restroom at Valley Diagnostic's office. American Standard denies that any product it designed, manufactured or marketed malfunctioned and proximately or producingly caused damage to Valley Diagnostic. American Standard denies the nature and extent of the damages claimed by Valley Diagnostic and denies that it was in any was responsible for the occurrence in question and asks that Valley Diagnostic be required to prove same by a preponderance of the evidence or as otherwise required by law. American Standard denies that Valley Diagnostic mitigated its alleged damages.

9.     American Standard denies all material allegations of Paragraphs 9-11 of Valley Diagnostic's Original Plea in Intervention, including all subparts.

10.     American Standard admits that it designed, manufactured and marketed the toilet at issue. American Standard denies that it designed, manufactured and marketed the toilet in a manner so as to render the toilet defective, unsafe and/or unreasonably dangerous as alleged in Paragraph 12 of Valley Diagnostic's Original Plea in Intervention. American Standard denies that the toilet was defective. American Standard is without knowledge or information sufficient to form a belief as to

2

the truth of the averments concerning whether, at the time of the incident, the toilet was being used in a manner for which it was designed, manufactured, assembled and sold as alleged in Paragraph 12 of Valley Diagnostic's Original Plea in Intervention.

11.    American Standard denies the material allegations of Paragraphs 13-17 of Valley Diagnostic's Original Plea in Intervention, including all subparts.

## **AFFIRMATIVE DEFENSES**

13.    American Standard would show that there was no defect in the design, manufacture or marketing of the product in question, nor was the product in question "unreasonably dangerous" as that term is defined by Texas law.

14.    American Standard would show that no safer alternative design was technologically or economically feasible nor would it have reduced the risk of damage to Valley Diagnostic's property under the circumstances presented in this case. The product in question met or exceeded the "State of the Art" at the time of design, manufacture and sale.

15.    American Standard would show that the product in question was not defective when balancing the product's risks against its utility.

16.    American Standard would show that the product in question was fit for its intended and reasonably foreseeable use.

17.    Valley Diagnostic's alleged damages, if any, were not caused, directly or proximately, by any violation of the applicable standard of care by American Standard nor was any defect in the design, manufacture, or marketing of the product in question a producing cause of Valley Diagnostic's alleged damages, if any.

18.     American Standard denies that any breach of warranty, express or implied, occurred or was a producing or proximate cause of Valley Diagnostic's alleged damages.

19.     American Standard contends that Valley Diagnostic's claims and causes of action for breach of implied warranties are barred by the applicable four-year statute of limitations. TEX. BUS. & COM. CODE §2.725.

20.     American Standard would show that Valley Diagnostic's claims and causes of action for negligence are barred by the applicable two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003.

21.     American Standard would show that Valley Diagnostic's claims and causes of action for strict liability are barred by the applicable two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003.

22.     The evidence may show that Valley Diagnostic's alleged damages were caused by the conduct of third persons, including but not limited to, Valley Diagnostic's predecessors, if any, employees, contractors and/or agents or of other parties or persons over whom American Standard possessed no right of control and for whose acts American Standard is not responsible. Such acts or omissions were the proximate, producing, contributing, comparative and/or sole proximate cause of the alleged damages, if any, sought by Valley Diagnostic.

23.     Valley Diagnostic's alleged damages were the direct and proximate result of subsequent, intervening, new and independent acts or events for which American Standard may not be held responsible.

24.     American Standard contends that Valley Diagnostic failed to mitigate its damages as a reasonably prudent entity would have done under the same or similar circumstances.

4

25.     American Standard contends that it had no duty to warn of a prospective risk of harm in the absence of knowledge, actual or constructive, of the risk at the time of manufacture.

26.     American Standard would show that the Valley Diagnostic's claims based upon negligence and the negligent failure to warn are barred because it must be proven that American Standard knew or should have known that its products were dangerous when used in their customary manner, and American Standard did not have this knowledge, nor could it have had this knowledge, at the time of the sale or use about which Valley Diagnostic complains.

27.     American Standard would show that it had no continuing duty to warn following the sale of the product.

28.     American Standard would show that there is no post-sale duty to warn in Texas.

29.     American Standard would show that there is no duty to recall a product.

30.     American Standard would show that its design, manufacture and marketing of the product in question complied with all applicable governmental codes, specifications and standards and that, consequently, American Standard is entitled to the presumption that the product in question was not defective or unreasonably dangerous for its intended use.

31.     American Standard would show that the product in question, from the perspective of the average user, was not unreasonably dangerous and was capable of being used without unreasonable danger without the inclusion of warnings or instructions.

32.     American Standard would show that Valley Diagnostic must prove the economic and scientific feasibility of safer alternative designs existing at the time of manufacture that would have prevented the alleged damages.

33.     American Standard would show that Valley Diagnostic must prove what warning, if given, would have prevented the alleged damages.

34.     American Standard respectfully demands a trial by jury.

WHEREFORE, Defendant, American Standard Inc., prays that upon the trial hereof the Plaintiff and Intervenor, recover nothing over and against this Defendant, and for such other and further relief, both general and special, at law and in equity, to which it is entitled to receive.

Respectfully submitted,

GERMER, BERNSEN & GERTZ, L.L.P.
550 FANNIN, 7TH FLOOR
BEAUMONT, TEXAS 77701
(409) 654-6700 - TELEPHONE
(409) 835-2115 - FACSIMILE

By: _____
        JAMES R. OLD, JR.
        STATE BAR NO. 15242500
        FEDERAL ID NO. 10751

ATTORNEY-IN-CHARGE FOR DEFENDANT,
AMERICAN STANDARD INC.

OF COUNSEL:
DALE M. "RETT" HOLIDY
STATE BAR NO. 00792937
FEDERAL ID NO. 21382
GERMER, BERNSEN & GERTZ, L.L.P.

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by certified mail, return receipt requested, postage pre-paid and properly addressed on counsel of record as listed below on this the 3rd day of April 2003.

C. Wesley Vines
COZEN O'CONNOR
1717 Main Street, Suite 2300
Dallas, Texas 75201

Gordon D. Laws
GARY, THOMASSON, HALL & MARKS, P.C.
P.O. Box 2888
Corpus Christi, Texas 78403

JAMES R. OLD, JR.

7