IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| V. | § § | CIVIL ACTION NO. B-02-205 |
| AMERICAN STANDARD INC. | § § | |

### DEFENDANT, AMERICAN STANDARD INC.'S
### FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, American Standard Inc. ("American Standard"), incorrectly sued as "American Standard, Inc.," in answer to the allegations contained Plaintiff, Transcontinental Insurance Company's ("Transcontinental") Original Petition, files this First Amended Answer and would show the Court the following:

1. American Standard contends that Paragraph 1 of Transcontinental's Original Petition is now moot.

2. Based on information and belief, American Standard admits the contentions contained in Paragraph 2 of Transcontinental's Original Petition.

3. American Standard admits the contentions contained in Paragraph 3 of Transcontinental's Original Petition.

4. Based upon information and belief, American Standard admits that water damage occurred at Transcontinental's insured's ("Valley Diagnostic") premises as alleged in Paragraph 4 of Transcontinental's Original Petition. American Standard denies the nature and extent of any damages sustained by Valley Diagnostic and asks that Transcontinental be required to prove same.

5. American Standard denies the nature and extent of damages alleged by Transcontinental as alleged in Paragraph 5 of Transcontinental's Original Petition and asks that it be required to prove same.

6. Based on information and belief, American Standard admits the contentions contained in Paragraph 6 of Transcontinental's Original Petition.

7. Based on information and belief, American Standard admits the contentions contained in Paragraph 7 of Transcontinental's Original Petition.

8. American Standard admits that it manufactured a toilet that was installed at Valley Diagnostic's premises. American Standard admits that personal property and the offices of Valley Diagnostic sustained water damage on March 4, 2001 and that the water overflowed from a toilet located in an upstairs restroom located at that facility. American Standard denies that any product it designed, manufactured or marketed was defective and the proximate and producing cause of the alleged property damage to Valley Diagnostic. American Standard denies the nature and extent of the damages claimed by Valley Diagnostic for which Transcontinental filed this subrogation claim and asks that it be required to prove same.

9. American Standard denies that the amount paid by Transcontinental to Valley Diagnostic was reasonable and necessary as alleged in Paragraph 9 of Transcontinental's Original Petition.

10. American Standard denies the allegations contained in Paragraph 10 of Transcontinental's Original Petition.

11. American Standard denies that it was negligent or that it breached any duty which proximately caused Transcontinental's alleged damages as alleged in Paragraph 11 of Transcontinental's Original Petition in its entirety.

12. American Standard denies that it supplied a defective toilet, which it knew or should have known subjected the property of Valley Diagnostics to an unreasonable risk of harm as alleged in Paragraph 11(a) of Transcontinental's Original Petition.

13. American Standard denies that it supplied a toilet which was defective and unreasonably dangerous to persons and other property as alleged in Paragraph 11(b) of Transcontinental's Original Petition.

14. American Standard denies that there was a defective condition in the toilet for which there was a duty to warn or which it knew or should have known created an unreasonable risk of harm to the property of Valley Diagnostic as alleged in Paragraph 11(c) of Transcontinental's Original Petition.

15. American Standard denies that the toilet had a dangerous condition that resulted in the toilet's failure and denies that it failed to adequately inspect, test and/or repair the toilet as alleged in Paragraph 11(d) of Transcontinental's Original Petition.

16. American Standard denies that it failed to manufacture and/or assemble the toilet properly and correctly as alleged in Paragraph 11(e) of Transcontinental's Original Petition.

17. American Standard denies that it failed to manufacture and/or assemble the toilet in a good and workmanlike fashion as alleged in Paragraph 11(f) of Transcontinental's Original Petition.

18. American Standard denies that it continued to manufacture, assemble and/or sell toilets when it knew or should have known of dangerous characteristics, which is denied, of said toilet as alleged in Paragraph 11(g) of Transcontinental's Original Petition.

19. American Standard denies that it used improper parts, components and/or materials in the construction and manufacture of the toilet as alleged in Paragraph 11(h) of Transcontinental's

Original Petition.

20.     American Standard denies that it failed to adequately, properly and/or safely instruct and/or train its employees, agents and/or others as to the proper manufacture, assembly, inspection and/or testing with regard to the toilet as alleged in Paragraph 11(i) of Transcontinental's Original Petition.

21.     American Standard denies that it failed to provide, establish and/or follow proper and adequate procedures as to ensure the safety and integrity of the toilet or that it had a duty to do such as alleged in Paragraph 11(j) of Transcontinental's Original Petition.

22.     American Standard denies that it failed to manufacture, assemble, inspect and/or test the toilet in conformity with the prevailing industry and/or governmental specifications and standards as alleged in Paragraph 11(k) of Transcontinental's Original Petition.

23.     American Standard denies that it failed to adequately and properly supervise its employees and/or agents in the manufacture, assembly, inspection, testing, operation and/or maintenance of the toilet as alleged in Paragraph 11(l) of Transcontinental's Original Petition.

24.     American Standard denies that it failed to use reasonable care under the circumstances as alleged in Paragraph 11(m) of Transcontinental's Original Petition.

25.     American Standard denies that any act or omission on its part constituted negligence and was the proximate cause of damages, if any, sustained by Transcontinental as alleged in Paragraph 12 of Transcontinental's Original Petition.

26.     American Standard denies the contentions contained in Paragraph 13 of Transcontinental's Original Petition.

27      American Standard admits that it designed, manufactured and marketed the toilet at issue. American Standard denies that it designed, manufactured and marketed the toilet in a manner

so as to render the toilet defective, unsafe and/or unreasonably dangerous as alleged in Paragraph 14 of Transcontinental's Original Petition. American Standard denies that the toilet was defective. American Standard is without knowledge or information sufficient to form a belief as to the truth of the averments concerning whether, at the time of the incident, the toilet was being used in a manner for which it was designed, manufactured, assembled and sold as alleged in Paragraph 14 of Transcontinental's Original Petition.

28. American Standard denies that its manufacture, assembly, inspection, testing, sale and/or distribution of the toilet caused defective, unsafe and unreasonably dangerous conditions which were the producing and proximate cause of the alleged damages sustained by Transcontinental as alleged in Paragraph 15 of Transcontinental's Original Petition. American Standard denies the nature and extent of Transcontinental's claimed damages asks and it be require to prove same.

29. American Standard denies the contentions contained in Paragraph 16 of Transcontinental's Original Petition.

30. American Standard denies that any implied warranties of any type or nature applied to the toilet in question as alleged in Paragraph 17 of Transcontinental's Original Petition.

31. American Standard denies that it failed to manufacture, assemble, inspect, test, supply, distribute and/or sell the toilet in a good and workmanlike manner as alleged in Paragraph 17(a) of Transcontinental's Original Petition.

32. American Standard denies that it failed to supply Transcontinental with a toilet that was merchantable or fit for its ordinary use as alleged in Paragraph 17(b) of Transcontinental's Original Petition.

33. American Standard denies that any implied warranty existed with respect to the toilet, that it breached any implied warranty with respect to the toilet, and that Transcontinental suffered

any damages as a result of a breach of an implied warranty as alleged in Paragraph 18 of Transcontinental's Original Petition.

34. American Standard denies that any product it designed, manufactured or marketed malfunctioned and proximately or producingly caused damage to Transcontinental as alleged in Paragraph 19 of Transcontinental's Original Petition. American Standard denies the nature and extent of the damages claimed by Transcontinental and asks that it be required to prove same.

## AFFIRMATIVE DEFENSES

35. American Standard would show that there was no defect in the design, manufacture or marketing of the product in question, nor was the product in question "unreasonably dangerous" as that term is defined by Texas law.

36. American Standard would show that no safer alternative design was technologically or economically feasible nor would it have reduced the risk of damage to Valley Diagnostic's property under the circumstances presented in this case. The product in question met or exceeded the "State of the Art" at the time of design, manufacture and sale.

37. American Standard would show that the product in question was not defective when balancing the product's risks against its utility.

38. American Standard would show that the product in question was fit for its intended and reasonably foreseeable use.

39. Transcontinental's alleged damages, if any, were not caused, directly or proximately, by any violation of the applicable standard of care by American Standard nor was any defect in the design, manufacture, or marketing of the product in question a producing cause of Transcontinental's alleged damages, if any.

40. American Standard denies that any breach of warranty, express or implied, occurred

or was a producing or proximate cause of Transcontinental's alleged damages.

41.     American Standard contends that Transcontinental's claims and causes of action for breach of implied warranties are barred by the applicable four-year statute of limitations. TEX. BUS. & COM. CODE §2.725.

42.     American Standard would show that Transcontinental's alleged damages were caused by the conduct of Valley Diagnostic's employees and/or agents or of other parties or persons over whom American Standard possessed no right of control and for whose acts American Standard is not responsible. Such acts of Valley Diagnostic's employees and/or agents or of third persons were the proximate, producing, contributing, comparative and/or sole proximate cause of the alleged damages, if any, sought by Transcontinental.

43.     Transcontinental's alleged damages were the direct and proximate result of subsequent, intervening, new and independent acts or events for which American Standard may not be held responsible.

44.     American Standard contends that Transcontinental failed to mitigate its damages as a reasonably prudent entity would have done under the same or similar circumstances.

45.     American Standard respectfully demands a trial by jury.

WHEREFORE, Defendant, American Standard Inc., prays that upon the trial hereof the Plaintiff and Intervenor, recover nothing over and against this Defendant, and for such other and further relief, both general and special, at law and in equity, to which it is entitled to receive.

Respectfully submitted,

**GERMER GERTZ, L.L.P.**
550 FANNIN, 7TH FLOOR
BEAUMONT, TEXAS 77701
(409) 654-6700 - TELEPHONE
(409) 835-2115 - FACSIMILE

By: /s/ James R. Old, Jr. w/ permission by Rett Holidy
JAMES R. OLD, JR.
STATE BAR NO. 15242500
FEDERAL ID NO. 10751

ATTORNEY-IN-CHARGE FOR DEFENDANT,
AMERICAN STANDARD INC.

OF COUNSEL:
DALE M. "RETT" HOLIDY
STATE BAR NO. 00792937
FEDERAL ID NO. 21382
GERMER GERTZ, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by certified mail, return receipt requested, postage pre-paid and properly addressed on counsel of record as listed below on this the 16th day of May 2003.

C. Wesley Vines
COZEN AND O'CONNOR
1717 Main Street, Suite 2300
Dallas, Texas 75201

Gordon D. Laws
GARY, THOMASSON, HALL & MARKS, P.C.
P.O. Box 2888
Corpus Christi, Texas 78403

/s/ James R. Old, Jr. w/ permission by Rett Holidy
JAMES R. OLD, JR.