

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 2 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. B-02-205 |
| v. | § § | |
| AMERICAN STANDARD INC. | § § | |
| Defendant. | § § | |

### AGREED PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

The parties to the above-captioned lawsuit and Valley Diagnostic Clinic, P.A. [hereafter "VDC"], by and through their undersigned counsel, have hereby agreed that the Court shall enter this protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

On or about May 29, 2003, American Standard Inc. served on Intervenor, VDC, certain requests for production of documents. Among those requests for production of documents was a request that VDC produce certain financial records related to the claims previously asserted by VDC and currently asserted by Transcontinental Insurance Company [hereafter "CNA"] for business interruption losses.

VDC objected to the breadth and scope of the documents requested and also objected to production of the documents on the grounds that the documents contained private financial information related to VDC and to one or more of VDC's position shareholders. The parties have conferred and have agreed upon the scope of the documents to be produced and have also agreed, however, that a protective order protecting the confidentiality of said documents should be entered by this Court.

It is, THEREFORE, in accordance with the agreement of the parties, ORDERED, ADJUDGED, and DECREED as follows:

(1) VDC shall produce the following documents pursuant to the terms of this protective order:

(2) Complete detailed trial balance general ledgers for 1998, 1999, 2000 and 2001;

(3) Dr. Carlos Maldonado's W-2 forms for the years of 1998, 1999, 2000, and 2001;

(4) The lease with Border Palms, Ltd. that was in effect in March of 2001;

(5) Reports of monthly charges and collections for 1999 through 2001 pertaining to both Valley Diagnostic Clinic and, separately, the Radiology Department at Valley Diagnostic Clinic; and

(6) Federal Income Tax Returns for Valley Diagnostic Clinic, P.A. for the years 1998 through 2002, inclusive.

(7) In producing the above documents, all tax identification numbers and social security numbers related to Valley Diagnostic Clinic, P.A. and/or any of its shareholder physicians shall be redacted;

(8) The names and compensation of all physicians which may appear in any of the above documents shall be redacted with the exception of the compensation paid to Dr. Carlos Maldonado;

(9) The above-described documents shall be used for the purposes of this case only. They may be disclosed only to the parties, CNA and American Standard Inc., their attorneys, and their consultants or expert witnesses who may consult with

them or may give testimony regarding business interruption losses claimed by CNA;

(10) Neither the parties hereto, their attorneys, nor their expert witnesses or their agents, servants, or employees who may be given access to the documents which is the subject of this Order, shall disclose the documents or any information taken from the documents to any other parties, persons, corporations, or other legal entities, where the parties to this litigation or not, without express permission from VDC or without further order of this Court.

(11) Should it be necessary for any of the documents which are the subject of this protective order to be filed with the Court for any purpose, said document shall be filed in camera.

(12) At the trial of this cause, the documents may only be introduced into evidence or used under such protections as shall be deemed adequate by this Court and pursuant to an Order of this Court.

(13) At the conclusion of this litigation, either by judgment or settlement, all copies of the documents which have been produced and which are subject to this protective order in the possession of either CNA or American Standard Inc. shall be returned to VDC through its counsel, Gordon D. Laws of Gary, Thomasson, Hall and Marks Professional Corporation, P. O. Box 2888, Corpus Christi, Texas 78403.

(14) This Order, however, shall remain effective as to the parties to those in litigation, their attorneys, expert witnesses and anyone else to whom these documents may have been shown after this litigation is over.

(15) Any other financial information which may be produced by VDC in the course of this litigation shall likewise be subject to this protective order and produced under the same terms and conditions as those set out above.

Signed this 26th day of August, 2003.

_____
United States District Judge

**APPROVED AS TO SUBSTANCE AND FORM:**

_____   w/ permission for
Gordon D. Laws
Federal Bar No. 12417
State Bar No. 12057650
Christopher H. Hall for Gordon D. Laws
Federal Bar No. 19536
State Bar No. 00793881
GARY, THOMASSON, HALL & MARKS
Professional Corporation
P. O. Box 2888
Corpus Christi, Texas 78403
(361) 884-1961   FAX (361) 889-5100
**ATTORNEYS FOR VALLEY DIAGNOSTIC CLINIC, P.A.,**

_____   w/ permission for
Mr. Wesley Vines
State Bar No. 20586050
Cozen O'Connor
1717 Main Street, Suite 2300
Dallas, Texas 75201
(214) 462-3008   FAX (214) 462-3299
**ATTORNEYS FOR TRANSCONTINENTAL INSURANCE COMPANY, PLAINTIFF**

Mr. James R. Old
State Bar No. 15242500
Federal I.D. No. 10751
Germer Gertz, L.L.P.
P. O. Box 4915
Beaumont, Texas 77704
(409) 838-2080   FAX (409) 838-4050

_____ w/permission
Mr. Dale M. "Rett" Holidy
State Bar No. 00792937
Germer Gertz, L.L.P.
Three Allen Center
333 Clay Street, Suite 4105
Houston, Texas 77002
(713) 650-1313  FAX (713) 739-7420
**ATTORNEYS FOR AMERICAN STANDARD INC., DEFENDANT**