30

United States District Court
Southern District of Texas
FILED

OCT 2 8 2003

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY | § | |
| | § | CIVIL ACTION NO. B-02-205 |
| VS. | § | JUDGE ANDREW S. HANEN, |
| | § | |
| AMERICAN STANDARD INC. | § | JURY |

**AMERICAN STANDARD INC.'S**
**MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, AMERICAN STANDARD INC. (hereinafter "American Standard"), submits the following Motion in Limine:

American Standard requests this Court to issue an order excluding the evidence and any related testimony as enumerated in this Motion. American Standard requests that this evidence be excluded *in Limine*, before the voir dire examination of the jury panel has begun, before opening statements by counsel and before the introduction of any evidence. American Standard further requests that Plaintiff, its counsel and witnesses (collectively "Plaintiff") be instructed to refrain from making any mention of the matters contained in this Motion without first approaching the bench and obtaining an appropriate ruling from the Court out of the hearing of the jury.

1.  UNDERLINE FILING OF MOTION IN LIMINE

That this Motion was filed or any ruling of the Court in response to this Motion or suggesting or inferring to the jury in any way that American Standard or its attorneys have moved to prohibit proof or that the Court has excluded proof of any particular matter.

GRANTED: _____     DENIED: _____

2.    COURT RULINGS ON MATTERS OUTSIDE JURY'S PRESENCE

Any mention of any action of the Court in ruling upon any matter, including this motion in Limine, prior to the trial of this case or during the trial of this case where the ruling is made outside the presence of the jury. Further, American Standard requests an instruction that no mention or reference be made about the pleadings, motions or other matters filed by American Standard herein or that such matters filed by American Standard were of a particular nature.

GRANTED: _____    DENIED: _____

3.    TESTIMONY OF WITNESSES NOT PREVIOUSLY DISCLOSED

Any mention of, reference to or attempt to introduce the testimony of any witnesses, whether fact or expert, which have not been revealed by Plaintiff in response to discovery. Allowing Plaintiff to introduce testimony from said witnesses would operate as an unfair surprise to American Standard and would permit an abuse of the discovery process, prohibiting American Standard from a fair and adequate opportunity to meet and rebut the issues raised by Plaintiff's purported evidence.

GRANTED: _____    DENIED: _____

4.    TESTIMONY OF EXPERT WITNESSES NOT PREVIOUSLY DISCLOSED

Any attempt to call, tender, refer to or offer to call any expert witness who has not been properly identified by Plaintiff in response to discovery or in accordance with the docket control order, who has not prepared a proper report setting forth all opinions or who has not been properly qualified and approved by the Court as an expert witness. *See* FED. R. CIV. P. 26.

GRANTED: _____    DENIED: _____

5.    TESTING BY PLAINTIFF NOT PREVIOUSLY DISCLOSED

Any attempt to tender, refer to, offer or exhibit any testing, results of tests, studies or other work conducted by experts of other representatives of Plaintiff that have not previously been completely and timely divulged through Plaintiff's discovery and disclosure responses. *See* FED. R. CIV. P. 26.

GRANTED: _____    DENIED: _____

6.    STATEMENTS OF AMERICAN STANDARD NOT PREVIOUSLY DISCLOSED

Any reference to, mention of, or attempt to introduce evidence (whether written or by oral testimony) of any statements by any alleged agent or representative of American Standard, unless both the existence and content of said alleged statement or statements have been fully revealed through discovery or disclosures and unless the identity and agency of the alleged agent or representative have been disclosed and substantiated by Plaintiff. Allowing Plaintiff to introduce any evidence or mention any such alleged statements which have not been revealed in discovery or which are not made by American Standard or its agent would permit Plaintiff to engage in an abuse of the discovery process and would confuse the jury by attempting to attribute statements to American Standard which are not statements made by American Standard.

GRANTED: _____    DENIED: _____

7.    EVIDENCE ON MATTERS NOT FULLY DISCLOSED, PROPERLY ANSWERED OR SUPPLEMENTED IN RESPONSE TO DISCOVERY REQUESTS

That Plaintiff not be allowed to introduce or reference evidence or matters and/or theories of liability not fully disclosed, properly answered or timely supplemented in response to disclosures and American Standard's discovery. Failure to provide such information as require by the rules deprives American Standard of the opportunity to adequately prepare for trial. The penalty for failure to properly or timely reply or supplement discovery is the exclusion of such evidence. *See* FED. R. CIV. P. 26.

GRANTED: _____    DENIED: _____

8.    UNDISCLOSED, UNTIMELY DISCLSOED, OR UNRELATED "DEFECTS"

That Plaintiff not be allowed to refer to, directly or indirectly, any alleged defects of the

subject ballcock assembly which have not been previously disclosed to American Standard.

Attempting to offer evidence of such "defects" or "problems," if any, would have no materiality

or relevance to the issues of this lawsuit and could only serve the purpose of attempting to

prejudice the jury against American Standard. *See* FED. R. CIV. P. 26; FED. R. EVID. 401, 402

and 407.

GRANTED: _____    DENIED: _____

9.    JURY SELECTION

Any mention of the use by American Standard of assistance in the selection of jury

members.

GRANTED: _____    DENIED: _____

10.    REQUEST TO PRODUCE OR AGREE

That Plaintiff not demand or request that attorneys for American Standard produce

documents or instruments contained in the files of American Standard or its attorneys or offer to

stipulate to any fact or make any sort of agreement in the presence of the jury.  Further, that

Plaintiff not state or infer that certain documents or information were requested by plaintiff and

not provided by American Standard as discovery objections and issues are a matter for the Court

and are not relevant.

GRANTED: _____    DENIED: _____

11.    SETTLEMENT OFFERS

That Plaintiff be prohibited from introducing into evidence or making any statements referencing any offer of settlement or compromise made on behalf of American Standard to Plaintiff, or on behalf of Plaintiff to American Standard, for the reason that said offers of settlement or compromise are irrelevant, immaterial and inadmissible pursuant to FED. R. EVID. 408.

GRANTED: _____    DENIED: _____

12.    LIABILITY INSURANCE COVERAGE/INDEMNITY COVERAGE

That Plaintiff be prohibited from offering any evidence or making any mention or reference, either directly or indirectly, that American Standard is or may be covered by some form of liability insurance and/or indemnity agreements covering in whole or in part the damages Plaintiff alleges. *See* FED. R. EVID. 411.

GRANTED: _____    DENIED: _____

13.    REFERENCES TO PRIVILEGED OR INADMISSIBLE MATERIAL

That Plaintiff not mention or refer to, in any manner, the alleged refusal or failure of American Standard to produce or cause to be produced any document, report, statement or other material, information or tangible item which is either privileged or inadmissible under the Federal Rules of Evidence or the production of which has not been requested by Plaintiff or required by the Rules or Court order. Any such comments would not be relevant to any issue in question in this case, and the comments would be highly prejudicial to American Standard. *See* FED. R. EVID. 401; 403.

GRANTED: _____    DENIED: _____

14.    DRAWINGS, DEMONSTRATIVE AIDS AND EXHIBITS

That Plaintiff be prohibited from exhibiting or displaying in any way before the jury any documents, drawings, photographs, charts or other visual displays or demonstrative evidence without first properly offering said matters into evidence before the Court and obtaining a favorable ruling thereon because it would be improper to present factual, evidentiary matters to the jury before the exhibit has been properly offered and admitted by the Court. An instruction to the jury that such matters do not constitute evidence would not remove the prejudice because the jury would have already seen matters that may be determined to be inadmissible.

GRANTED: _____    DENIED: _____

## 15.    TESTS OR ANALYSES OF PRODUCTS

That Plaintiff be prohibited from mentioning or referencing, directly or indirectly, any tests, investigations or analyses of any ballcock assemblies by any governmental agency, consumer group, industry association or any other entity or group. Such matters constitute hearsay and have no relevance to any issue in this cause.

GRANTED: _____    DENIED: _____

## 16.    NO POST-SALE DUTY TO WARN

That Plaintiff be prohibited from mentioning or referencing, either directly or indirectly, that American Standard had a duty subsequent to the sale of the ballcock assembly in question to notify, publicize or warn purchasers and users of the potential for chemical degradation in the subject ballcock assembly, the need for an alternative design or other such post-delivery notification. Under Texas law, a manufacturer or supplier has no general post-delivery duty to warn about products for which a better or safer design has been developed. A manufacturer has no continuing duty to notify product users of subsequent advances in technology or safety, and any reference to alleged failures by American Standard to give such notice is immaterial,

irrelevant and highly prejudicial. *See* American Standard's Brief in Support of Its Motion in Limine for No Post-Sale Duty to Warn, incorporated by reference. FED. R. EVID. 10.

GRANTED: _____   DENIED: _____

17.   NO DUTY TO RECALL

That Plaintiff be prohibited from mentioning or referencing, directly or indirectly, that American Standard had a duty to recall, modify or retrofit the ballcock assembly in question to add any alleged alternative designs or devices or to otherwise modify the ballcock assembly after its initial sale and delivery. Under Texas law, a manufacturer or supplier has no general post-delivery duty to recall or retrofit products for which a better or safer design has been developed. Furthermore, a manufacturer has no continuing duty to improve its product after sale. Any reference to alleged failures by American Standard to do such is immaterial, irrelevant and highly prejudicial. *See* American Standard's Brief in Support of Its Motion in Limine for No Post-Sale Duty to Recall, incorporated by reference. FED. R. EVID. 10.

GRANTED: _____   DENIED: _____

18.   SUBSEQUENT DESIGN CHANGES

That Plaintiff be prohibited from mentioning, referencing or introducing evidence concerning any subsequent design changes, including change in components or materials, by American Standard in the ballcock assembly. The prejudice of such evidence greatly outweighs its probative value in that what is relevant is whether the ballcock assembly was defective at the time it was sold in 1983, not what has changed since then. The jury's attention should be directed to whether the ballcock assembly was reasonably safe at the time it was manufactured. The introduction of evidence about subsequent changes in the ballcock assembly or its design threatens to confuse the jury by diverting its attention from whether the product was defective at

the relevant time of manufacture and sale and would unduly lengthen trial by causing American

Standard to have to present evidence of post-sale conduct through fact or expert witnesses, all of

which would otherwise be irrelevant and inadmissible. *See* American Standard's Brief In

Support of Its Motion in Limine for Subsequent Design Changes, incorporated by reference.

FED. R. EVID. 10.

GRANTED: _____    DENIED: _____

19.    SUBSEQUENT WARRANTIES

That Plaintiff be prohibited from mentioning, referencing or introducing into evidence

warranties issued by American Standard for toilets and ballcock assemblies after 1983. The

prejudice of such evidence greatly outweighs its probative value in that information contained

within subsequent warranties reflected American Standard's on-going efforts to warrant its

products in light of changing scientific information, industry standards and market changes, as

opposed to what American Standard knew at the time of the manufacture and sale of the ballcock

assembly in question. The introduction of evidence about subsequent warranties threatens to

confuse the jury by diverting its attention from whether the ballcock assembly was defective at

the relevant time of manufacture and sale and would unduly lengthen trial by causing American

Standard to have to present evidence of post-sale conduct through fact or expert witnesses, all of

which would otherwise be irrelevant and inadmissible. FED. R. EVID. 402 & 403.

GRANTED: _____    DENIED: _____

20.    STANDARD OF CARE

That Plaintiff be prohibited from offering any opinions from any expert witness regarding

the standard of care applicable to the design, manufacture and marketing of ballcock assemblies

without first establishing that the witness has the appropriate expertise, training and experience to qualify as an expert as to that issue.

GRANTED: _____    DENIED: _____

21.    INDUSTRY STANDARDS

That Plaintiff be prohibited from mentioning referencing or offering evidence concerning any governmental or industry standard of care, standard, ordinance, code or other similar regulation which first came to exist after 1983, the year that the ballcock assembly was manufactured and sold.

GRANTED: _____    DENIED: _____

22.    BALLCOCK ASSEMBLY

That Plaintiff be prohibited from offering into evidence the ballcock assembly in question as the ballcock assembly is not in the same condition or form that it was at the time of the occurrence in question. Due to the passage of time and Plaintiff's expert's breaking the ballcock assembly, introduction of the ballcock assembly, or even pictures of it taken after it was broken by Plaintiff's expert, would be highly prejudicial and confusing to the jury. *See* American Standard's Motion in Support of Its Limine for the Ballcock Assembly, incorporated by reference. FED. R. EVID. 10.

GRANTED: _____    DENIED: _____

23.    OTHER INCIDENTS OR LITIGATION

That Plaintiff be prohibited from offering into evidence reference to "polybutylene pipe" litigation, withdrawal of plastic or acetal products from the market place by third parties, class action litigation or settlements regarding plastic products used in household products, or other similar references,  Such references are irrelevant, immaterial and highly prejudicial.  Further,

the references invariably would apply to events which post-date the manufacture and sale of the subject product, would apply to different products or applications and to the actions of third parties not present in this lawsuit which would require a trial within a trial to distinguish their conduct from the conduct of American Standard.  FED. R. EVID. 402, 403.

Respectfully submitted,

**GERMER GERTZ, L.L.P.**
550 FANNIN, 7TH FLOOR
BEAUMONT, TEXAS 77701
(409) 654-6700 - TELEPHONE
(409) 835-2115 - FACSIMILE

By: _James R. Old, Jr., w/permission by Rett Holidy_
**JAMES R. OLD, JR.**
STATE BAR NO. 15242500
FEDERAL ID NO. 10751

**ATTORNEY-IN-CHARGE FOR DEFENDANT,
AMERICAN STANDARD INC.**

**OF COUNSEL:**
DALE M. "RETT" HOLIDY
STATE BAR NO. 00792937
FEDERAL ID NO. 21382
GERMER GERTZ, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by certified mail, return receipt requested, postage pre-paid and properly addressed on counsel of record as listed below on this the __27th__ day of October 2003.

C. Wesley Vines
COZEN O'CONNOR
1717 Main Street, Suite 2300
Dallas, Texas 75201

_James R. Old, Jr., w/permission by Rett Holidy_
**JAMES R. OLD, JR.**