IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 9 2003

Michael N. Milby
Clerk of Court

| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
|---|---|---|
| VS. | § § § § | CIVIL ACTION NO. B-02-205 JUDGE ANDREW S. HANEN, (JURY) |
| AMERICAN STANDARD INC. | § | |

### AMERICAN STANDARD INC.'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE EXCLUDING REFERENCES TO POST-SALE "DUTIES"

Defendant, American Standard Inc. (hereinafter "American Standard"), files this Brief in Support of its Motion in Limine seeking exclusion of references to post-sale "duties":

### I.

### BACKGROUND

This product liability action arises from a water leak which occurred at Valley Diagnostic Clinic, P.A. (hereinafter "the Clinic") in Harlingen, Texas on March 4, 2001. The origin of the leak was a ballcock assembly located in a second floor toilet. Both the ballcock assembly and the toilet were manufactured and sold by American Standard in 1983.

Transcontinental Insurance Company (hereinafter "Transcontinental") insured the Clinic and has brought this subrogation claim against American Standard for, among other allegations, failure to warn. American Standard seeks to prohibit Transcontinental from suggesting, mentioning or referencing, either directly or indirectly, that American Standard had a duty subsequent to the sale of the ballcock assembly to notify, publicize or warn purchases and users of the need for an alternative design or other such post-delivery modification because there is no such duty in Texas.

## II.

## ARGUMENT

In Texas, a manufacturer generally has no post-sale or post-manufacture duty to warn, recall or retrofit a product for product defects that arise after the sale. *Dion v. Ford Motor Co.*, 804 S.W.2d 302, 310 (Tex. App.—Eastland 1991, writ denied); *McLennan v. American Eurocopter Corp.*, 245 F.3d 403, 430 (5th Cir. 2001) (citing Texas law); *Syrie v. Knoll Int'l*, 748 F.2d 304, 311-12 (5th Cir. 1984) (citing Texas law). Further, a manufacturer generally has no post-sale duty to recall a product for product defects that arise after the sale. *Torres v. Caterpillar, Inc.*, 928 S.W.2d 233, 241 (Tex. App.—San Antonio 1996, writ denied); *Rodriguez v. Riddell Sports, Inc.*, 242 F.2d 567, 574 (5th Cir. 2001); *Dion v. Ford Motor Co.*, 804 S.W.2d 302, 310 (Tex. App.—Eastland 1991, writ denied); *McLennan v. American Eurocopter Corp.*, 245 F.3d 403, 430 (5th Cir. 2001) (citing Texas law). Although there are two limited exceptions to this rule, neither applies here because there is no evidence that American Standard ever regained control of the product. *See Bell Helicopter Co. v. Bradshaw* 594 S.W.2d 519, 531 (Tex. App.—Corpus Christi 1979, writ ref'd n.r.e.); *see Dion*, 804 S.W.2d at 310; *see Syrie*, 748 F.2d at 311-12.

Despite clear Texas law to the contrary, it is anticipated that Transcontinental will attempt to interject into the trial hearsay statements, opinions and evidence concerning changes in what was known in the industrial and scientific community about DuPont's Delrin acetal[1] following the sale of the ballcock assembly in question in 1983. The purpose will be to suggest to the jury that American Standard should have sent warnings, notices or even recalled its products after their sale. All that is relevant in a defective marketing case is what American Standard knew or reasonably should have known at the time of manufacture and sale. *McLennan*

---

[1] For example, in the early 1990s, DuPont withdrew Delrin acetal form the market for use in plumbing products.

*v. American Eurocopter Corp.*, 245 F.3d at 427. The "determination whether a manufacturer has a duty to warn is made *at the time the product leaves the manufacturer.*" *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995) (emphasis added).

Consequently, any attempts by Transcontinental to mention or reference, directly or indirectly, that American Standard had a duty subsequent to the sale of the ballcock assembly in question to notify, publicize or warn purchases and users of the need for an alternative design or other such post-delivery modification would only seek to confuse the jury. Such statements would be immaterial, irrelevant and highly prejudicial and should, therefore, be excluded. FED. R. EVID. 403.

### III.

### CONCLUSION

American Standard requests that Transcontinental be prohibited from mentioning or referencing that American Standard had a duty subsequent to the sale of the ballcock assembly in question to notify, publicize or warn purchasers and users of the need for an alternative design or other such post-delivery modification.

Respectfully submitted,

GERMER GERTZ, L.L.P.
550 FANNIN, 7TH FLOOR
BEAUMONT, TEXAS 77701
(409) 654-6700 - TELEPHONE
(409) 835-2115 - FACSIMILE

By: _____
JAMES R. OLD, JR.
STATE BAR NO. 15242500
FEDERAL ID NO. 10751

ATTORNEY-IN-CHARGE FOR DEFENDANT,
AMERICAN STANDARD INC.

OF COUNSEL:
DALE M. "RETT" HOLIDY
STATE BAR NO. 00792937
FEDERAL ID NO. 21382
GERMER GERTZ, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by certified mail, return receipt requested, postage pre-paid and properly addressed on counsel of record as listed below on this the 28th day of October 2003.

C. Wesley Vines
COZEN O'CONNOR
1717 Main Street, Suite 2300
Dallas, Texas 75201

_____
JAMES R. OLD, JR.