United States District Court
Southern District of Texas
FILED

OCT 2 9 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| VS. | § § § | CIVIL ACTION NO. B-02-205<br>JUDGE ANDREW S. HANEN,<br>(JURY) |
| AMERICAN STANDARD INC. | § § | |

## AMERICAN STANDARD INC.'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE FOR SUBSEQUENT DESIGN CHANGES

Defendant, American Standard Inc. (hereinafter "American Standard"), files this Brief in Support of its Motion in Limine for Subsequent Design Changes:

### I.

### BACKGROUND

This product liability action arises from a water leak which occurred at Valley Diagnostic Clinic, P.A. (hereinafter "the Clinic") in Harlingen, Texas on March 4, 2001. The origin of the leak was a ballcock assembly located in a second floor toilet. Both the ballcock assembly and the toilet were manufactured by American Standard in 1983.

Transcontinental Insurance Company (hereinafter "Transcontinental") insured the Clinic and has brought this subrogation claim against American Standard for, among other allegations, failure to warn. American Standard seeks to prohibit Transcontinental from mentioning or referencing, either directly or indirectly, that after the event giving rise to this action, American Standard changed the design of its product, specifically any design changes involving the ballcock assembly.

## II.

## ARGUMENT

Rule 704 of the Federal Rules of Evidence applies to negligence and strict liability cases. *See Muzyka v. Remington Arms Co., Inc.,* 774 F.2d 1309, 1310 (5th Cir. 1985) (Rule 407 applicable to strict liability); *Grenada Steel Industries v. Alabama Oxygen Co., Inc.,* 695 F.2d 883, 888 (5th Cir. 1983) (Rule 407 applicable to strict liability cases). Rule 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to provide negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Fed. R. Evid. 407.

Invoking Rule 407, American Standard seeks to exclude all evidence, mention or reference, directly or indirectly, that after the event giving rise to this action American Standard changed the design of its product, specifically any design changes involving the ballcock assembly. *See Muzyka,* 774 F.2d at 1310 (subsequent design changes excluded under Rule 407); *Grenada Steel,* 695 F.2d at 888 (5th Cir. 1983) (subsequent design changes excluded under Rule 407).

Transcontinental may argue that this evidence is admissible under the feasibility exception to the rule. However, American Standard does not controvert the feasibility of change or the feasibility of an alternative design thus Transcontinental may not seek the inclusion of this evidence under such exception. *See Grenada Steel,* 695 F.2d at 888 (feasibility not controverted thus subsequent design changes excluded under Rule 407).

---

BRIEF IN SUPPORT OF MOTION IN LIMINE
FOR SUBSEQUENT DESIGN CHANGES – PAGE 2

## III.

## CONCLUSION

American Standard requests that Transcontinental be prohibited from, mentioning or referencing any evidence that after the event giving rise to this action American Standard changed the design of its product, specifically any design changes involving the ballcock assembly.

Respectfully submitted,

GERMER GERTZ, L.L.P.
550 FANNIN, 7TH FLOOR
BEAUMONT, TEXAS 77701
(409) 654-6700 - TELEPHONE
(409) 835-2115 - FACSIMILE

By: _____
JAMES R. OLD, JR.
STATE BAR NO. 15242500
FEDERAL ID NO. 10751

ATTORNEY-IN-CHARGE FOR DEFENDANT,
AMERICAN STANDARD INC.

OF COUNSEL:
DALE M. "RETT" HOLIDY
STATE BAR NO. 00792937
FEDERAL ID NO. 21382
GERMER GERTZ, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by certified mail, return receipt requested, postage pre-paid and properly addressed on counsel of record as listed below on this the ___ day of October 2003.

C. Wesley Vines
COZEN O'CONNOR
1717 Main Street, Suite 2300
Dallas, Texas 75201

_____
JAMES R. OLD, JR.