IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| VS. | § § | CIVIL ACTION NO. B-02-205<br>JUDGE ANDREW S. HANEN<br>(JURY) |
| AMERICAN STANDARD INC. | § § | |

### AMERICAN STANDARD INC.'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE BALLCOCK ASSEMBLY FROM EVIDENCE

Defendant, American Standard Inc. (hereinafter "American Standard"), submits the following Brief in Support of Motion in Limine to Exclude the Ballcock Assembly from Evidence:

**I.**

### SUMMARY OF THE BASIS FOR EXCLUSION

American Standard contends that Transcontinental Insurance Co. ("Transcontinental") should be prohibited from offering into evidence the ballcock assembly in question as the ballcock assembly is not in the same condition or form that it was at the time of the occurrence in question. Due to the passage of time and the conduct of Transcontinental's expert, well over a year after the incident, the ballcock assembly is in a substantially altered condition from when it allegedly failed and from when it was removed from the subject toilet. Introduction of the ballcock assembly, or even pictures of it in its altered condition, would be highly prejudicial and confusing to the jury.

## II.

## ARUGMENTS AND AUTHORITIES SUPPORTING EXCLUSION

Pursuant to Rule 403 of the Federal Rules of Civil Procedure, this court has the discretion to exclude otherwise relevant evidence if the introduction of the evidence would be unduly prejudicial to one party. In this case, introduction of the ballcock assembly into evidence would be unduly prejudicial to American Standard because the current state of the ballcock assembly is not truly representative of the state of ballcock assembly at the time it allegedly failed.

The ballcock assembly was submerged in water for approximately eighteen years. Following the incident on March 4, 2001, the ballcock assembly was removed from the subject toilet. The current condition of the ballcock assembly is not an accurate representation of the ballcock assembly because it has been substantially altered since the date of the incident. In fact, the ballcock assembly was broken by Transcontinental's second expert who examined and tested it. When Transcontinental's expert examined the ballcock assembly, he admits that he heard an audible crack as the plastic of the ballcock assembly broke. This alteration of the ballcock assembly will be prejudicial to American Standard.

There is a common law duty to preserve evidence. Specifically, litigants are obligated to preserve documents, tangible items, and information relevant to litigation or potential litigation they are on notice of. *See Dillon v. Nissan Motor Co.,* 986 F.2d 263, 267 (8th Cir.1993); *Unigard Sec. Ins. v. Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 365, 367-69 (9th Cir.1992); *Welsh v. United States,* 844 F.2d 1239, 1241-42, 1246-48 (6th Cir.1988); *Rice v. United States,* 917 F.Supp.17, 20 (D.D.C.1996) (finding that the defendant was on notice of potential litigation because it was aware of circumstances that were likely to give rise to future litigation); *White v. Office of the Public Defender,* 170 F.R.D. 138, 148 (D.Md.1997) ("[P]arties have been deemed to know that documents are relevant to litigation when it is reasonably foreseeable that a lawsuit

will ensue...."); *see also Trevino v. Ortega,* 969 S.W.2d 950, 955 (J. Baker, concurring opinion) (common law duty to preserve evidence during pending litigation and pre-litigation); Tex. R. Civ. P. 215 (duty to preserve evidence during pending litigation). Transcontinental failed to adequately preserve the evidence.

Evidence of the state of the ballcock assembly after it was broken by Transcontinental's expert is unreliable and should be excluded. *See Carroll v. Ford Motor Co.,* 462 S.W.2d 57, 61-62 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ) (excluding any evidence of the state of the master brake cylinder after it was removed from the vehicle because it was not truly representative of the state of the cylinder while installed on the vehicle); *Iwanaga v. Daihatsu America, Inc.,* 2001 WL 1910564 (W.D.Tex. 2001) (magistrate recommended excluding and limiting any testimony, photographs and other demonstrative evidence of Plaintiff's expert witness developed after the seat was removed from the vehicle because the evidence was unreliable). In this case, the ballcock assembly should be excluded because it is not representative of the state of the assembly at the time of the incident.

Additionally, exclusion of the actual ballcock assembly will not hamper Transcontinental's case because photographs of the ballcock assembly were taken by its expert, Paul Carper, in March 2001 and May 2001 shortly after the incident. These more accurately reflect the true condition of the ballcock assembly on the date in question. Drew Yuhas also took photographs of the ballcock assembly in 2002 before the ballcock assembly was broken.

### III.

### CONCLUSION

For the foregoing reasons American Standard asks this court to exclude introduction of the ballcock assembly into evidence because it is unreliable, does not accurately represent the

state of the ballcock assembly at the time of the incident, and would be unduly prejudicial to this Defendant. This Defendant generally prays that it receives such other and further relief, above general and special, at law and equity, to which it is entitled.

Respectfully submitted,

**GERMER GERTZ, L.L.P.**
550 FANNIN, 7TH FLOOR
BEAUMONT, TEXAS 77701
(409) 654-6700 - TELEPHONE
(409) 835-2115 - FACSIMILE

By: _____
    **JAMES R. OLD, JR.**
    STATE BAR NO. 15242500
    FEDERAL ID NO. 10751

ATTORNEY-IN-CHARGE FOR DEFENDANT,
AMERICAN STANDARD INC.

**OF COUNSEL:**
DALE M. "RETT" HOLIDY
STATE BAR NO. 00792937
FEDERAL ID NO. 21382
GERMER GERTZ, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by certified mail, return receipt requested, postage pre-paid and properly addressed on counsel of record as listed below on this the 28th day of October 2003.

C. Wesley Vines
COZEN O'CONNOR
1717 Main Street, Suite 2300
Dallas, Texas 75201

_____
JAMES R. OLD, JR.