Case 1:02-cv-00205 Document 38 Filed in TXSD on 10/29/2003 Page 1 of 4

3 8

United States District Court
Southern District of Texas
FILED

OCT 2 9 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| VS. | § § | CIVIL ACTION NO. B-02-205<br>JUDGE ANDREW S. HANEN<br>(JURY) |
| AMERICAN STANDARD INC. | § § | |

**AMERICAN STANDARD INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING PLAINTIFF'S CLAIMS FOR ECONOMIC DAMAGES**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, AMERICAN STANDARD INC. (hereinafter "American Standard"), pursuant to FED. R. CIV. P. 56, makes this Motion for Partial Summary Judgment Regarding Plaintiff's Claims for Economic Damages asserted by Transcontinental Insurance Company (hereinafter "Transcontinental"):

I.

**INTRODUCTION**

This product liability action arises from a water leak which occurred at Valley Diagnostic Clinic, P.A. (hereinafter "the Clinic") in Harlingen, Texas, on March 4, 2001. Transcontinental insured the Clinic and brought this subrogation claim against American Standard for what it alleges was a defective ballcock assembly manufactured and sold by American Standard. As part of the claim, Transcontinental seeks economic damages allegedly suffered by the clinic in the approximate amount of $850,000 for business interruption and lost profits.

American Standard files this motion for partial summary judgment on Transcontinental's claims for economic damages because Texas law does not allow for the recovery of such in a product liability case based upon strict liability or negligence.

## II.

## STANDARD OF REVIEW

Summary judgment is proper in any case where there is no genuine issue of material fact. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of the plaintiff's claim or (2) showing that there is no evidence to support an essential element of the plaintiff's claim. *Id.* at 322-25.

## III.

## ARGUMENT

Transcontinental cannot recover economic damages under its strict liability theories of recovery. *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 875 (1986); *Mercer v. MFG N.C., Inc.*, 665 F.2d 61, 69-71 (5th Cir. 1982); *Nobility Homes of Texas v. Shivers*, 557 S.W.2d 77, 79-80 (Tex. 1977). Further, Texas law does not allow Transcontinental to recover any economic losses under its negligence causes of action for a defective product. *Arkwright-Boston Mfgrs. Mut. Ins. Co. v. Westinghouse Elec. Corp.*, 844 F.2d 1174, 1177-78 (5th Cir. 1988); *Hininger v. Case Corp.*, 23 F.3d 124, 127 (5th Cir. 1994).

In *Mercer*, a peanut farmer brought an action against a combine manufacturer for breach of implied warranties and defective design and manufacture. *See Mercer*, 665 F.2d at 64. The plaintiff therein sought recovery for damages including the deterioration to his crop while the combine was not functioning, loss of marketable hay and loss of a portion of the peanut crop. The Fifth Circuit set aside the jury verdict because of the award for economic damages, which were not recoverable under Texas law for strict liability for a defective product. *See Id.* at 68-69.

In *Hininger*, plaintiff suffered business interruption due to defective drive wheels on a Case combine. *Hininger*, 23 F.3d at 125. After settling with the parties with whom she had a contractual relationship, plaintiff went to trial against the component part manufacturer with a negligence cause of action to recover economic damages. *Id.* The Fifth Circuit concluded that plaintiff could not recover economic damages, including lost business interruption and lost profits, under a negligence theory for a defective product. *Id.* at 127.

## IV.

## CONCLUSION

For the foregoing reasons, American Standard asks the Court to render partial summary judgment against Transcontinental on its claims for economic damages.

Respectfully submitted,

**GERMER GERTZ, L.L.P.**
550 FANNIN, 7TH FLOOR
BEAUMONT, TEXAS 77701
(409) 654-6700 - TELEPHONE
(409) 835-2115 - FACSIMILE

By: _/s/ James R. Old, Jr._
JAMES R. OLD, JR.
STATE BAR NO. 15242500
FEDERAL ID NO. 10751

**ATTORNEY-IN-CHARGE FOR DEFENDANT,
AMERICAN STANDARD INC.**

OF COUNSEL:
DALE M. "RETT" HOLIDY
STATE BAR NO. 00792937
FEDERAL ID NO. 21382
GERMER GERTZ, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by certified mail, return receipt requested, postage pre-paid and properly addressed on counsel of record as listed below on this the 28th day of October 2003.

C. Wesley Vines
COZEN O'CONNOR
1717 Main Street, Suite 2300
Dallas, Texas 75201


JAMES R. OLD, JR.

MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
PLAINTIFF'S CLAIMS FOR ECONOMIC DAMAGES – PAGE 4