41

United States District Court
Southern District of Texas
FILED

OCT 2 9 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| AND | § § | |
| VALLEY DIAGNOSTIC CLINIC, P.A. | § § | CIVIL ACTION NO. B-02-205 |
| Intervenor, | § § | |
| v. | § § | |
| AMERICAN STANDARD, INC. | § § | |
| Defendant. | § | |

## JOINT PRETRIAL REPORT

1.  All counsel who will appear at trial:

    Appearing for Plaintiff:   C. Wesley Vines
                               Richard M. Munoz
                               Cozen O'Connor
                               2300 BankOne Center
                               1717 Main Street
                               Dallas, TX 75201
                               (214) 462-3008

    Appearing for Defendant:  James R. Old, Jr.
                              Germer, Gertz, L.L.P.
                              550 Fannin, Suite 700
                              Beaumont, TX 77701
                              (409) 654-6700

                              Dale M. "Rhett" Holidy
                              Germer, Gertz, L.L.P.
                              Three Allen Center
                              333 Clay, Suite 4105
                              Houston, TX 77002
                              (713) 650-1313

JOINT PRETRIAL ORDER Page 1

2. <u>BRIEF PRELIMINARY STATEMENT</u>:

On March 4, 2001 a water leak was discovered at a medical clinic owned by Valley Diagnostic Clinic, P.A. ("Valley Diagnostic") located at 2200 Haine Drive, Harlingen, Harris County, Texas (the "Clinic"). The source of the leak was a second floor toilet manufactured by American Standard, Inc. ("American Standard"). Transcontinental Insurance Company ("Transcontinental") insured Valley Diagnostic. Transcontinental paid Valley Diagnostic $4,135,919.61 to date as a result of the water leak. Transcontinental complains that the toilet, in particular a plastic valve inside the tank of the toilet, was defective in its design and its marketing and that the water leak occurred as a result of these defects. American Standard denies that its product was defective. American Standard asserts that the leak was caused by the actions or omissions of Valley Diagnostic or unknown third parties.

3. <u>JURISDICTION</u>:

Defendant American Standard removed this case from Texas State Court to Federal Court on the basis of diversity jurisdiction.

4. <u>MOTIONS</u>:

Plaintiff's Motion in Limine.

Defendant's Motion in Limine.

Additional motions may be added.

5. <u>CONTENTIONS OF THE PARTIES</u>:

    A.    Plaintiff

    (i) Liability Contentions

American Standard was negligent. American Standard's negligent acts or omissions include, but are not limited to, the failure to prudently test, design and market the toilet, including its internal parts. American Standard designed a toilet with certain plastic internal parts which degrade when in contact with naturally occurring elements in the local water supply. This violates industry standards. American Standard failed to conduct adequate independent testing of this product. American Standard failed to adequately warn or offer adequate instructions to foreseeable end-users of the product.

The toilet had a design defect at the time it left the possession of American Standard that was the producing cause of the water leak.

There was a defect in the marketing of the toilet at the time it left the possession of American Standard that was a producing cause of the water leak. There was a marketing defect because American Standard failed to give adequate warnings of the product's danger that were known or by the application of reasonably developed human skill and foresight should have been known and there was a failure to give adequate instructions, which failures rendered the product

unreasonably dangerous. Any warnings and/or instructions associated with the toilet were inadequate as they were not given in a form that could reasonably be expected to catch the attention of a reasonably prudent person in the circumstances of the product's use, nor were the warnings and instructions comprehensible to the average user, nor did they convey an indication of the nature and extent of the danger and how to avoid it in the mind of a reasonably prudent person.

(ii) Damages

Damages have been stipulated at $4,000,000.

B.      Defendant

American Standard contends that it was not negligent and that the ballcock assembly was reasonably designed and marketed using state of the art materials based upon current information and industry standards existing in 1983. Accordingly, American Standard would show that its design, manufacture and marketing of the product in question complied with all applicable governmental codes, specifications and standards and that, consequently, American Standard is entitled to the presumption that the product in question was not defective or unreasonably dangerous for its intended use. American Standard contends that Plaintiff must prove the economic and scientific feasibility of safer alternative designs existing at the time of manufacture that would have prevented the alleged damages.

Defendant further contends that it had no duty to warn of a prospective risk of harm in the absence of knowledge, actual or constructive, of the risk at the time of manufacture. American Standard would show that the product in question, from the perspective of the average user, was not unreasonably dangerous and was capable of being used without unreasonable danger without the inclusion of warnings or instructions. Further, American Standard would show that Plaintiff must prove what warning, if given, would have prevented the alleged damages.

American Standard contends that it had no continuing duty to warn following the sale of the product, that there is no post-sale duty to warn in Texas and that there is no duty to recall a product.

American Standard contends that Plaintiff's claims based upon negligence and the negligent failure to warn are barred because it must be proven that American Standard knew or should have known that its products were dangerous when used in their customary manner, and American Standard did not have this knowledge, nor could it have had this knowledge, at the time of the sale or use about which Plaintiff complains.

American Standard contends that Plaintiff's alleged damages were caused by the conduct of Valley Diagnostic's employees and/or agents or of other parties or persons over whom American Standard possessed no right of control and for whose acts American Standard is not responsible. Such acts of Valley Diagnostic's employees and/or agents or of third persons were the proximate, producing, contributing, comparative and/or sole proximate cause of the alleged damages, if any, sought by Plaintiff.

American Standard that Plaintiff's causes of action for breach of warranty are barred by the statute of limitations.

American Standard contends that the conduct of Valley Diagnostic and its employees is imputed (by assignment) to Transcontinental.

American Standard contends that the subject toilet and the ballcock assembly in question were not in the same condition at the time of the occurrence as when they left the control of American Standard.

6. ADMISSIONS OF FACT:

   A. On March 4, 2001 a water leak occurred at Valley Diagnostic Clinic, P.A., 2200 Haine Drive, Harlingen, Texas.

   B. The source of the water leak was a second floor toilet manufactured by American Standard Inc., which contained a Model 3140 Ballcock Assembly, which was also manufactured by American Standard Inc.

   C. The ballcock assembly and toilet were manufactured and sold by American Standard Inc. in 1983.

   D. The ballcock assembly was made from DuPont Delrin acetal material.

   E. Transcontinental Insurance Company insured Valley Diagnostic Clinic, P.A. for the loss.

   F. Transcontinental Insurance Company is subrogated to the rights of Valley Diagnostic Clinic P.A. to the extent that Transcontinental Insurance Company paid Valley Diagnostic Clinic, P.A. for the loss.

   G. Transcontinental Insurance Company paid to Valley Diagnostic Clinic P.A. $4,000,000, representing the reasonable and necessary costs for Valley Diagnostic Clinic, P.A.'s loss.

   H. American Standard Inc. does not waive, give up or otherwise abandon any of its defenses as to liability or causation, including its allegations that the negligence of Valley Diagnostic Clinic, P.A. was the sole or alternatively a contributing cause of the leak and subsequent loss.

7. CONTESTED ISSUES OF FACT:

   A. Was the water leak caused by a defective product designed and manufactured by American Standard?

   B. Did Valley Diagnostic or an unknown third person alter or abuse the product in such a way as to have caused or contributed to cause the water leak?

8. AGREED PROPOSITIONS OF LAW:

   A. Venue and jurisdiction are proper.

9. CONTESTED PROPOSITIONS OF LAW:

   A. Plaintiff's statute of limitations for warranties has run.

   B. American Standard had no duty to warn of the alleged defect.

   C. American Standard had no post-sale duty to warn or recall.

   D. No evidence of causation exists.

10. EXHIBITS:

Exhibits not listed will not be admitted by the Court unless good cause be shown and justice demands their admission.

   A. Plaintiff:

   See Attached.

   B. Defendant

   See Attached.

11. WITNESSES:

No unlisted witness will be permitted to testify as a witness in chief except by leave of Court when justified by exceptional circumstances.

   A. Plaintiff:

| Name | Address | Proposed Testimony |
|---|---|---|
| Rod Miller, M.B.A., CMPE Executive Director Valley Diagnostic Clinic, P.A. | 2200 Haine Drive Harlingen, TX 78550-8599 (956) 425-7200 | Rod Miller is the executive director of Valley Diagnostic Clinic and has knowledge of the damages sustained at the clinic. |
| Mr. Paul Carper Verite Forensic Engineering | P. O. Box 909 Humble, TX 77347 (281) 548-3561 | Retained expert. Has knowledge of cause of flood. See Plaintiff's expert designation. |

| | | |
|---|---|---|
| Dr. Thomas W. Eager<br>Expert | 77 Massachusettes Avenue<br>Building 4-136<br>Cambridge, MA 02139<br>(617) 253-3229 | Retained Expert. Has knowledge of cause of flood. See Plaintiff's expert designation. |
| Mr. Keith Holm | Valley Diagnostic Clinic, P.A.<br>2200 Haine Drive<br>Harlingen, TX 78550-8599<br>(956) 425-7200 | Mr. Holm has knowledge of the discovery of the water leak and care and maintenance of the subject toilet. |
| Mr. Richard Lowe | Valley Diagnostic Clinic, P.A.<br>2200 Haine Drive<br>Harlingen, TX 78550-8599<br>(956) 425-7200 | Mr. Lowe has knowledge of the discovery of the water leak and care and maintenance of the subject toilet. |
| Robert Dudek, General Adjuster (Rebuttal) | CNA Insurance<br>10 N. Marvine Avenue<br>P.O. Box 185<br>Auburn, NY 13021<br>(315) 258-6962 | Mr. Dudek has knowledge of the role of Dennis Nickoloff in the adjustment process. |
| Ivars Rudzitis<br>General Adjuster<br>Dallas Claim Service Ctr<br>(Rebuttal) | 600 North Pearl Street<br>Suite 1800<br>Dallas, TX 75201<br>(214) 220-5515 | Mr. Rudzitis has knowledge of the role of Dennis Nickoloff in the adjustment process. |
| Evelyn V. Fisk<br>(Rebuttal) | CNA Commercial Insurance<br>P. O. Box 219011<br>Dallas, TX 75221<br>(214) 220-5500 | Ms. Fisk has knowledge of the role of Dennis Nickoloff in the adjustment process. |
| Witnesses identified by Defendant | | |

B. Defendant

| Name | Address | Proposed Testimony |
|---|---|---|
| Mr. Drew Yuhas | American Standard Inc.<br>One Centennial Avenue<br>Piscataway, New Jersey 08855<br>(732) 369-4038 | Has knowledge of the manufacturing process of internal component parts for toilets, the selection of materials for internal component parts for toilets and the operation of internal component parts for toilets. He also has knowledge of failure analysis and causation, and he inspected the subject ballcock assembly. |
| Ms. Anita Krentar | American Standard Inc.<br>One Centennial Avenue<br>Piscataway, New Jersey 08855<br>(732) 369-4038 | Custodian of records. |
| Dr. Lawrence J. Broutman | Bodycote Broutman, Inc.<br>1975 Ruby Street<br>Melrose Park, Illinois 60160<br>(708) 236-5360 | Retained expert. Has opinions concerning the cause of the crack in the ballcock assembly. See his previously produced report. |
| Mr. Fred Delgado | Delgado Plumbing<br>P. O. Box 4192<br>Brownsville, Texas 78521<br>(956) 546-8252 | Retained expert. Has opinions concerning proper plumbing procedures and the cause of the crack in the ballcock assembly. See his previously produced report. |
| Mr. Dennis Nickeloff | GAB Robins North America, Inc.<br>632 Ed Carey Drive, Suite 700<br>Harlingen, TX 78550-7965<br>(956) 423-0770 | Non-retained expert. Has knowledge concerning his investigation of the leak and cause of the leak. He acted as Transcontinental's agent. |
| Rod Miller, M.B.A., CMPE | Valley Diagnostic Clinic, P.A.<br>2200 Haine Drive<br>Harlingen, TX 78550-8599<br>(956) 425-7200 | Executive director of Valley Diagnostic Clinic and has knowledge of the damages sustained at the clinic and maintenance policies and procedures. |
| Robert Dudek | CNA Insurance | Adjuster for Transcontinental. Has knowledge of |

|  | 10 N. Marvine Avenue<br>P.O. Box 185<br>Auburn, NY 13021<br>(315) 258-6962 | adjustment of claim, damage to building and contents, business interruption losses. |
|---|---|---|
| Ruben Flores, C.M.R.T. | Valley Diagnostic Clinic, P.A.<br>2200 Haine Drive<br>Harlingen, TX 78550-8599<br>(956) 425-7200 | Ruben Flores is the radiology manager at Valley Diagnostic Clinic and has knowledge of the damages sustained at the clinic. |
| Mr. Keith Holm | Valley Diagnostic Clinic, P.A.<br>2200 Haine Drive<br>Harlingen, TX 78550-8599<br>(956) 425-7200 | Has knowledge of the maintenance policies and procedures at Valley Diagnostic and the maintenance performed on the subject toilet. |
| Mr. Richard Lowe | Valley Diagnostic Clinic, P.A.<br>2200 Haine Drive<br>Harlingen, TX 78550-8599<br>(956) 425-7200 | Has knowledge of the maintenance policies and procedures at Valley Diagnostic and the maintenance performed on the subject toilet. |
| Mr. Paul Carper | Verite Forensic Engineering<br>P. O. Box 909<br>Humble, TX 77347<br>(281) 548-3561 | Plaintiff's retained expert. See Plaintiff's expert designation. |

| Ivars Rudzitis | CNA Dallas Claim Service Ctr.<br>600 North Pearl Street<br>Suite 1800<br>Dallas, TX 75201<br>(214) 220-5515 | Adjuster has knowledge of adjustment of claim, damage to building and contents, business interruption losses. |
|---|---|---|
| Hentze McKissic | CNA Dallas Claim Service Ctr.<br>600 North Pearl Street<br>Suite 1800<br>Dallas, TX 75201<br>(214) 220-5515 | Assurance Inspector has knowledge of adjustment of claim damage to building and contents, business interruption losses. |
| Hal Arnold | Benke/Adjusters International<br>16225 Park Ten Place Drive,<br>Suite 500<br>Houston, TX 77084<br>(281) 433-0421 | Valley Diagnostic public adjuster has knowledge of damage to building and contents, business interruption losses. |
| Adam Garcia | All Valley Restoration<br>Rt. 10, Box 15A<br>Harlingen, TX 78552 | Has knowledge of damage to the building and contents. |
| Kurt Harms, CPA | Buchanan Clarke Schlader LLP<br>2550 Renaissance Tower<br>1201 Elm Street<br>Dallas, TX 75270<br>(214) 760-0300 | Plaintiff's retained expert. See Plaintiff's expert designation. |
| Jim Jenkins | Marshall, Erdman & Associates<br>3001 Summit Avenue, Suite 200<br>Plano, TX 75047<br>(972) 881-0882 | Has knowledge of damage to the building. |
| Mark Mellen<br>Jeff M. Falcone | Diagnostic Imaging, Inc.<br>4646 Perrin Creek, Suite 220<br>San Antonio, TX 78217<br>(210) 655-2160 | Has knowledge of damaged medical equipment and the respective repair or replacement costs. |
| Edward Lee C. Friederichs | Siemens Medical Systems, Inc.<br>2002 North Highway 360<br>Grand Prairie, TX 75050-1423<br>(972) 660-2700 | Has knowledge of damaged medical equipment and the respective repair or replacement costs. |
| Douglas Rice, Ph.D. | Colorado State University | Has knowledge of damages to building. |

| | 1600 West Plum Street #24-F<br>Fort Collins, CO 80521<br>(970) 491-8837 | |
|---|---|---|
| Kevin Jones | Belfor USA<br>2425 Blue Smoke South Court<br>Fort Worth, TX 76105<br>(817) 535-6193 | Has knowledge of damaged contents. |
| Rachelle Gillis | Belfor USA<br>2425 Blue Smoke South Court<br>Fort Worth, TX 76105<br>(817) 535-6193 | Has knowledge of damaged contents. |
| Palma Sales | MF Bank<br>10631 Harwin Avenue,<br>Suite 616<br>Houston, TX 77036<br>(713) 988-8818 | Has knowledge of damaged equipment. |

| | | |
|---|---|---|
| Jack Schwartz | NBD International, Inc.<br>241 Myrtle Street<br>P.O. Box 1003<br>Ravenna, OH 44266<br>(330) 296-0221 | Has knowledge of damaged medical equipment and the respective repair or replacement costs. |
| Jamie Murdock | NBD International, Inc.<br>241 Myrtle Street<br>P.O. Box 1003<br>Ravenna, OH 44266<br>(330) 296-0221 | Has knowledge of damaged medical equipment and the respective repair or replacement costs. |
| Jeff Wilson | NBD International, Inc.<br>241 Myrtle Street<br>P.O. Box 1003<br>Ravenna, OH 44266<br>(330) 296-0221 | Has knowledge of damaged medical equipment and the respective repair or replacement costs. |
| William H. Newman | Medical Equipment Transport Specialist<br>1508 "C" Street<br>Floresville, TX 78114<br>(210) 602-9269 | Has knowledge of damaged medical equipment. |
| Mike Koch | Flagship Reconstruction<br>10661 Haddington, Suite 110<br>Houston, TX 77088<br>(713) 827-8888 | Has knowledge of damages to building. |
| David Hanawa | Chemical Response & Remediation Contractors, Inc.<br>P.O. Box 2686<br>Harlingen, TX 78551<br>(956) 365-4252 | Has knowledge of damages to building. |
| Dr. Carlos Maldonado | Valley Diagnostic Clinic, P.A.<br>2200 Haine Drive<br>Harlingen, TX 78550<br>(956) 425-7200 | Has knowledge of damages to real and personal property. |
| Dr. Thomas W. Eager | 77 Massachusetts Avenue<br>Building 4-136<br>Cambridge, MA 02139<br>(617) 253-3229 | Plaintiff's retained expert. See Plaintiff's expert designation. |
| Records custodian and Corporate representative | Border Construction Company<br>1605 Highway 77 West<br>P.O. Box 521 | Has knowledge of damages to building |

| | San Benito, TX 78586 | |
|---|---|---|

12. <u>SETTLEMENT</u>:

The parties unsuccessfully mediated the case on October 14, 2003.

13. <u>TRIAL</u>:

 A. Probable length of trial 5 days.

 B. The parties believe that the trial date of December 8, 2003 resolves the logistical problems of witnesses being present for trial.

14. <u>ATTACHMENTS</u>:

 A. Plaintiff's Exhibit List.

 B. Defendant's Exhibit List.

_____
**UNITED STATES DISTRICT JUDGE**

10/27/2003 17:14 FAX
Oct-27-03 02:11pm From-COZEN O'CC
Case 1:02-cv-00205 Document 41 Filed in TXSD on 10/29/2003 Page 10 of 13
214-462-3299
T-088 P.007/007 F-924
☑002

_____
C. WESLEY VINES, Counsel for Plaintiff
RICHARD M. MUNOZ


_____ w/ permission by
JAMES R. OLD, JR., Counsel for Defendant
DALE M. "RHETT" HOLIDY

· AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

__Southern__ DISTRICT OF __Texas__

| Transcontinental Ins. Co. | **EXHIBIT AND WITNESS LIST** |
|---|---|
| V. | |
| American Standard Insurance | Case Number: B-02-205 |

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY<br>C. Wesley Vines | DEFENDANT'S ATTORNEY<br>James R. Old Jr. |
|---|---|---|
| TRIAL DATE (S)<br>December 8, 2003 | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Photographs Produced by Paul Carper |
| | | | | | Photographs Produced by Dr. Thomas W. Eager |
| | | | | | Exhibits to deposition of Dennis Nickoloff (Rebuttal Only), subject to Court's ruling on Motion in Limine |
| | | | | | Expert Report and supporting documentation of Paul Carper (Produced to defendants) |
| | | | | | Expert Report and supporting documentation and selected reference materials of Dr. Thomas W. Eager (Produced to defendants) |
| | | | | | Defendant's Supplemental Disclosures |
| | | | | | Defendant's Second Supplemental Disclosures |
| | | | | | Subject Toilet and Valve |
| | | | | | American Standard's Answers and Objections to Plaintiff Transcontinental Insurance Company's Interrogatories. |
| | | | | | American Standard's Responses and Objections to Plaintiff Transcontinental Insurance Company's Requests for Production. |
| | | | | | Exhibits listed by Defendant American Standard Insurance |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of __1__ Pages

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
|---|---|---|
| VS. | § § § | CIVIL ACTION NO. B-02-205<br>JUDGE ANDREW S. HANEN<br>(JURY) |
| AMERICAN STANDARD INC. | § | |

## AMERICAN STANDARD INC.'S PROPOSED INITIAL EXHIBIT LIST

| EXHIBIT NO. | DESCRIPTION | OFFERED | ADMITTED/REFUSED |
|---|---|---|---|
| 1 | Design drawings of 3140 ballcock assembly | | |
| 2 | DuPont Handbook | | |
| 3 | Nickoloff photographs | | |
| 4 | Carper photographs | | |
| 5 | Yuhas photographs | | |
| 6 | Broutman photographs | | |
| 7 | Exemplar(s) of product | | |
| 8 | GAB file | | |
| 9 | Exhibits to the deposition of Rod Miller | | |
| 10 | Exhibits to the deposition of Richard Lowe | | |
| 11 | Exhibits to the deposition of Keith Holm | | |
| 12 | Exhibits to the deposition of Dennis Nickoloff | | |
| 13 | Valley Diagnostic Financial Records | | |
| 14 | Photograph of Clinic (produced by plaintiff) | | |

INITIAL EXHIBIT LIST – Page 1

| Exhibit No. | Description | Offered | Admitted/Refused |
|---|---|---|---|
| 15 | Paul Carper/Verite Engineer file | | |
| 16 | Transcontinental Insurance Adjustment file | | |
| 17 | Correspondence concerning access to product and site | | |

Respectfully submitted,

**Germer Gertz, L.L.P.**
550 Fannin, 7th Floor
Beaumont, Texas 77701
(409) 654-6700 - Telephone
(409) 835-2115 - Facsimile


By:_____
James R. Old, Jr.
State Bar No. 15242500
Federal ID No. 10751

Attorney-in-Charge for Defendant,
American Standard Inc.

Of Counsel:
Dale M. "Rett" Holidy
State Bar No. 00792937
Federal ID No. 21382
Germer Gertz, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by certified mail, return receipt requested, postage pre-paid and properly addressed on counsel of record as listed below on this the _____ day of October 2003.

C. Wesley Vines
Cozen O'Connor
1717 Main Street, Suite 2300
Dallas, Texas 75201

_____
James R. Old, Jr.