44

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

OCT 2 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| AND | § § | |
| VALLEY DIAGNOSTIC CLINIC, P.A. | § | CIVIL ACTION NO. B-02-205 |
| Intervenor, | § § § | |
| v. | § § | |
| AMERICAN STANDARD, INC. | § § | |
| Defendant. | § | |

<u>**PlAINTIFF TRANSCONTINENTAL INSURANCE COMPANY'S**</u>
<u>**REQUESTED DEFINITIONS, INSTRUCTIONS,**</u>
<u>**AND QUESTIONS**</u>

Plaintiff Transcontinental Insurance Company submit these Requested Definitions,

Instructions, and Questions as the Court's Charge to the Jury.

Respectfully submitted,

**COZEN O'CONNOR**

C. Wesley Vines, Esq.
Texas State Bar No. 20586050
2300 Bankone Center
1717 Main Street
Dallas, Texas 75201
(214) 462-3008
(214) 462-3299 (facsimile)

Attorney for Plaintiff, Transcontinental Insurance
Company

## **INSTRUCTION NO. 1**

LADIES AND GENTLEMEN OF THE JURY PANEL:

The case that is now on trial is *Transcontinental Insurance Company v. American Standard, Inc.*. This is a civil action which will be tried before a jury. Your duty as jurors will be to decide the disputed facts. It is the duty of the judge to see that the case is tried in accordance with the rules of law. In this case, as in all cases, the actions of the judge, parties, witnesses, attorneys and jurors must be according to law. These instructions are as follows:

   1.   Do not mingle with nor talk to the lawyers, the witnesses, the parties, or any other person who might be connected with or interested in this case, except for casual greetings. They have to follow these same instructions and you will understand it when they do.

   2.   Do not accept from, nor give to, any of those persons any favors however slight, such as rides, food or refreshments.

   3.   Do not discuss anything about this case, or even mention it to anyone whomsoever, including your wife or husband, nor permit anyone to mention it in your hearing until you are discharged as jurors or excused from this case. If anyone attempts to discuss the case, report it to me at once.

   4.   The parties through their attorneys have the right to direct questions to each of you concerning your qualifications, background, experiences and attitudes. In questioning you, they are not meddling in your personal affairs, but are trying to select fair and impartial jurors who are free from any bias or prejudice in this particular case.

      a.     Do not conceal information or give answers which are not true. Listen to the questions and give full and complete answers.

      b.     If the attorneys ask some questions directed to you as a group which require an answer on your part individually, hold up your hand until you have answered the questions.

Do you understand these instructions? If not, please let me know now.

Whether you are selected as a juror for this case or not, you are performing a significant service which only free people can perform. We shall try the case as fast as possible consistent with justice, which requires a careful and correct trial. If selected on the jury, unless I instruct you differently, you will be permitted to separate at recesses and for meals, and at night.

   The attorneys will now proceed with their examination.

**Texas Pattern Jury Charges 40.1**

_____

JUDGE PRESIDING

## INSTRUCTION NO. 2

By the oath which you take as jurors, you become officials of this court and active participants in the public administration of justice. I now give you further instructions which you must obey throughout this trial.

It is your duty to listen to and consider the evidence and to determine fact issues later submitted to you, but I, as judge, will decide matters of the law. You will now receive written instructions which you will observe during this trial, together with such other instructions as I may hereafter give, or as heretofore I have given to you.

As you examine the instructions which have just been handed to you, we will go over them briefly together. The first three instructions have previously been stated, and you will continue to observe them throughout the trial. These and the other instructions just handed to you are as follows:

Counsel, you may proceed.

**Texas Pattern Jury Charges 40.2**

_____
JUDGE PRESIDING

3

## INSTRUCTION NO. 3

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1.    Do not let bias, prejudice or sympathy play any part in your deliberations.

2.    In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the court, that is, what you have seen and heard in this courtroom, together with the law as given you by the court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3.    Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4.    You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5.    You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6.    You may render your verdict upon the vote of ten or more members of the jury. The same ten or more of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other who observes a violation of the court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

4

When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence *unless otherwise instructed*. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." The term "preponderance of the evidence" means the greater weight and degree of credible evidence admitted in this case. Whenever a question requires an answer other than "Yes" or "No," your answer must be based on a preponderance of the evidence *unless otherwise instructed*.

*[Definitions, questions, and special instructions given to the jury will be transcribed here.]*

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____

JUDGE PRESIDING

Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous.)

_____

PRESIDING JUROR

(To be signed by those rendering the verdict if not unanimous.)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

**Texas Pattern Jury Charges 40.3**

6

**INSTRUCTION NO. 4**

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

**Texas Pattern Jury Charges 40.7**

_____
JUDGE PRESIDING

## <u>DEFENITION NO. 1</u>

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produced the water leak. There may be more than one producing cause.

**Texas Pattern Jury Charges 70.1**

_____

JUDGE PRESIDING

## **DEFINITION NO. 2**

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

**Texas Pattern Jury Charges 70.2**

_____

JUDGE PRESIDING

## DEFINITION NO. 3

"**Negligence**" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

**Texas Pattern Jury Charge § 2.1**

_____

JUDGE PRESIDING

## DEFINITION NO. 4

"**Ordinary care**" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

**Texas Pattern Jury Charge § 2.1**

_____

JUDGE PRESIDING

## PROPOSED QUESTION NO. 1

QUESTION _____

    Was Defendant negligent in the design, testing or marketing of the toilet that is the subject of this litigation.

Answer "Yes" or "No."

    Answer: _____

**Texas Pattern Jury Charges 4.1**

## **INSTRUCTION NO. 5**

A product is not in a defective condition, thus not unreasonably dangerous when sold, if the unreasonably dangerous condition is solely caused by a substantial change or alteration of the product after it is sold, and but for which unreasonably dangerous condition the event would not have occurred. "Substantial change or alteration" means that the configuration or operational characteristics of the product are changed or altered by affirmative conduct of some person in a manner that the defendant could not have reasonably foreseen would occur in the intended or foreseeable use of the product. Substantial change or alteration does not include reasonably foreseeable wear and tear or deterioration.

**Texas Pattern Jury Charges 70.5**

_____

JUDGE PRESIDING

## PROPOSED QUESTION NO. 2

QUESTION _____

Was there a design defect in the toilet at the time it left the possession of American Standard, Inc. that was a producing cause of the water leak in question?

A "design defect" is a condition of the product that renders it unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. For a design defect to exist there must have been a safer alternative design.

"Safer alternative design" means a product design other than the one actually used that in reasonable probability—

(1) would have prevented or significantly reduced the risk of the water leak in question without substantially impairing the product's utility and

(2) was economically and technologically feasible at the time the product left the control of American Standard, Inc. by the application of existing or reasonably achievable scientific knowledge.

An "unreasonably dangerous" product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produced the water leak. There may be more than one producing cause.

Answer "Yes" or "No."

Answer: _____

**Texas Pattern Jury Charges 70.1, 71.4B and 71.5**

_____
JUDGE PRESIDING

14

## PROPOSED QUESTION NO. 3

QUESTION _____

    Was there a defect in the marketing of the toilet at the time it left the possession of American Standard, Inc. that was a producing cause of the water leak in question?

        A "marketing defect" with respect to the product means the failure to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

        "Adequate" warnings and instructions mean warnings and instructions given in a form that could reasonably be expected to catch the attention of a reasonably prudent person in the circumstances of the product's use; and the content of the warnings and instructions must be comprehensible to the average user and must convey a fair indication of the nature and extent of the danger and how to avoid it to the mind of a reasonably prudent person.

        An "unreasonably dangerous" product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

        "Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produced the water leak. There may be more than one producing cause.

    Answer "Yes" or "No."

        Answer: _____

**Texas Pattern Jury Charges 71.5 and 70.1**

                                   _____
                                   JUDGE PRESIDING

## PROPOSED QUESTION NO. 4

If you have answered "Yes" to Question[s] 1, 2 and 3 then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate for damages, if any, to the building, its contents, equipment and extra expenses associated with the water leak.

Answer in dollars and cents.

Answer: _____

**Texas Pattern Jury Charge 110.2, 110.7**

_____
JUDGE PRESIDING

DALLAS1\120216\1 112639.000

16