

United States District Court
Southern District of Texas
FILED

NOV 1 0 2003

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY | § | |
| | § | CIVIL ACTION NO. B-02-205 |
| VS. | § | JUDGE ANDREW S. HANEN, |
| | § | (JURY) |
| AMERICAN STANDARD INC. | § | |

**AMERICAN STANDARD INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF
ITS MOTION IN LIMINE FOR SUBSEQUENT DESIGN CHANGES**

Defendant, American Standard Inc. (hereinafter "American Standard"), files this Supplemental Brief in Support of its Motion in Limine for Subsequent Design Changes to clarify and amplify that American Standard seeks to prohibit Transcontinental from mentioning or referencing that American Standard changed the design of its product after 1983 thus excluding evidence of design changes made prior to as well as subsequent to the event giving rise to this action.

**BACKGROUND**

1.  This product liability action arises from a water leak which occurred at Valley Diagnostic Clinic, P.A. (hereinafter "the Clinic") in Harlingen, Texas on March 4, 2001. The origin of the leak was a ballcock assembly located in a second floor toilet. It is stipulated that the ballcock assembly and the toilet were manufactured by American Standard in 1983.

2.  Transcontinental Insurance Company (hereinafter "Transcontinental") insured the Clinic and has brought this subrogation claim against American Standard for, among other allegations, failure to warn. American Standard seeks to prohibit Transcontinental from mentioning or referencing that American Standard changed the design of its product after 1983.

---

## II.

## ARGUMENT

3.    It is undisputed that under Rule 407 of the Federal Rules of Evidence Transcontinental is barred from introducing evidence that American Standard changed the design of its product after the date of the event giving rise to this action.  *See* FED. R. EVID. 704; *Muzyka v. Remington Arms Co., Inc.,* 774 F.2d 1309, 1310 (5th Cir. 1985) (design changes made after the event in controversy excluded under Rule 407); *Grenada Steel Industries v. Alabama Oxygen Co., Inc.,* 695 F.2d 883, 888 (5th Cir. 1983) (design changes subsequent to the event giving rise to the action excluded).[1]   Therefore, invoking Rule 407, American Standard seeks to prohibit Transcontinental from mentioning or referencing that American Standard changed the design of its product after the date of the event giving rise to this action.

4.    Concomitantly, American Standard seeks to prohibit Transcontinental from mentioning or referencing that American Standard made any design changes to the product after 1983, the year the product in question was designed and manufactured.  Evidence that American Standard changed the design of its product after 1983 is wholly irrelevant to the key factual determinations before the jury and therefore inadmissible under Rule 401 and 402 of the Federal Rules of Evidence.

5.    In this action, the key factual determinations include (1) if the product was unreasonably dangerous **as designed in 1983** and (2) if the product was **designed** with reasonable care measured by the knowledge available **in 1983**.  *See Boatland of Houston, Inc. v. Bailey,* 609 S.W.2d 743, 746 (Tex. 1980) (a product is judged against the knowledge and

---

[1] American Standard does not controvert the feasibility of change or the feasibility of an alternative design; thus Transcontinental may not seek the inclusion of this evidence under the exception provided for in Rule 407.  *See Grenada Steel,* 695 F.2d 838, 888 (5th Cir. 1983) (feasibility not controverted thus subsequent design changes excluded under Rule 407).

technology available at the time of its manufacture when determining if it is unreasonably dangerous); *Great Atlantic & Pacific Tea Co. v. Evans*, 175 S.W.2d 249, 251 (1943) (negligence is defined as the failure to do that which a person of ordinary prudence would have done under the same or similar circumstances). Consequently, it is irrelevant if American Standard changed the design of its product after 1983 and pursuant to Rule 401 and 402 of the Federal Rules of Evidence such evidence is inadmissible. *See Arceneaux v. Texaco, Inc.*, 623 F.2d 924, 928 (5th Cir. 1980) (holding "the appropriate test is whether a product was designed with reasonable care … measured by the knowledge available both at the time of design and manufacture" and excluding evidence of pre-accident design changes under Rules 401 and 402) (citing *Ward v. Hobart Mfg. Co.*, 450 F.2d 1176 (5th Cir. 1971) (defective and negligent design claims are measured by the knowledge available both at the time of design and manufacture)).

6.    Nevertheless, if the Court should find that this evidence is relevant, its probative value is far outweighed by its unfair prejudice and therefore excluded under Rule 403 of the Federal Rules of Evidence. *See* FED. R. EVID. 403. Injecting evidence that American Standard changed the design of its product after 1983 threatens to confuse the jury by diverting its attention from its proper focus, which is the design of the product in 1983, to irrelevant factual questions concerning product development at American Standard. *See id.* Moreover, this evidence will undoubtedly mislead the jury by implicitly suggesting that design changes were necessary to cure or remedy the product thus forcing American Standard to defend its every action over an eighteen year span creating the prohibited "trials within a trial" scenario. *See id.*

**III.**

**CONCLUSION**

7.       Pursuant to Rule 401, 402, 403 and 407 of the Federal Rules of Evidence,

American Standard requests that Transcontinental be prohibited from mentioning or referencing

that American Standard changed the design of its product after 1983.

Respectfully submitted,

**GERMER GERTZ, L.L.P.**
550 FANNIN, 7TH FLOOR
BEAUMONT, TEXAS 77701
(409) 654-6700 - TELEPHONE
(409) 835-2115 - FACSIMILE

By:  _____
       **JAMES R. OLD, JR.**
       STATE BAR NO. 15242500
       FEDERAL ID NO. 10751

**ATTORNEY-IN-CHARGE FOR DEFENDANT,
AMERICAN STANDARD INC.**

**OF COUNSEL:**
DALE M. "RETT" HOLIDY
STATE BAR NO. 00792937
FEDERAL ID NO. 21382
GERMER GERTZ, L.L.P.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was
served by telecopy and certified mail, return receipt requested, postage pre-paid and properly
addressed on counsel of record as listed below on this the _7th_ day of November 2003.

C. Wesley Vines
COZEN O'CONNOR
1717 Main Street, Suite 2300
Dallas, Texas 75201

_____
JAMES R. OLD, JR.