United States District Court
Southern District of Texas
FILED

NOV 1 2 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-205 |
| AMERICAN STANDARD, INC. | § § § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff TRANSCONTINENTAL INSURANCE COMPANY ("Transcontinental" or "Plaintiff") submits the following Motion for Partial Summary and for good cause shows:

**I.**

**ISSUES FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff asserts that there is no genuine issue of material fact with respect to the following issues:

- A safer alternative design exists for Defendant's product; and

- Acetal plastic is unsuitable for use in plumbing fixtures; and

**BACKGROUND**

1.  On March 4, 2001 a water leak was discovered at a medical clinic owned by Valley Diagnostic Clinic, P.A. ("Valley Diagnostic") located at 2200 Haine Drive, Harlingen, Harris County, Texas (the "Clinic"). The source of the leak was a second floor toilet

manufactured by American Standard, Inc. ("American Standard"). Transcontinental Insurance Company ("Transcontinental") insured Valley Diagnostic.

2. Transcontinental paid Valley Diagnostic $4,135,919.61 to date as a result of the water leak. Transcontinental complains that the toilet, in particular a plastic valve inside the tank of the toilet, was defective in its design and its marketing and that the water leak occurred as a result of these defects. American Standard denies that its product was defective. American Standard asserts that the leak was caused by the actions or omissions of Valley Diagnostic or unknown third parties.

## AUTHORITIES AND ARGUMENT

3. The Federal summary judgment standard is well settled. Summary judgment is appropriate, when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of any material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-324 (1986). A material fact is one that "might affect the outcome of the suit under the governing law," and a "dispute about a material fact is 'genuine'... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.*, 257 F.3d 449, 456 (5th Cir.2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986)).

4. A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention.... " *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir.2001(internal citations omitted).

*Defendant has admitted that a safer alternative design exits.*

5. In this case, Plaintiff asserts that a safer alternative design was available to the one Defendant used in its product. Plaintiff must prove that its "safer alternative design" was one that in reasonable probability:

> (1) would have prevented or significantly reduced the risk of the claimant's personal injury, property damage, or death without substantially impairing the product's utility; and;
>
> (2) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge. TEX CIV. PRAC. & REM. CODE §82.005(b).

Defendant has already judicially admitted this second prong. In its Brief in Support of Its Motion in Limine for Subsequent Design Changes, Defendant admits that, "**American Standard does not controvert the feasibility of change or the feasibility of an alternative design.**" Given, such an admission, this Court should hold that the safer alternative design issue is no longer in contention. *See Martinez supra.*

*Defendant admits that acetal is unsuitable in plumbing products.*

6. In its Motion to Exclude or Alternatively Limit the Testimony of Plaintiff's Material Expert, Thomas W. Eagar, Defendant makes this following frank admission. "**[A]cetal products [are] unsuitable for use in plumbing products—a conclusion reached by DuPont, the creator of Delrin (the acetal used in this product),** *in the 1990s.*" *See id.* at p. 2 (italics in original)(emphasis added). In this case, a key question, among other things, will be to decide what Defendant knew about acetal and when knew it. Thus, since it is undisputed that acetal is

unfit for use in plumbing applications, this Court should grant this motion and narrow the issues for trial.

## CONCLUSION

Defendant has judicially admitted that it does not contest the feasibility of change or the feasibility of an alternative design for its product. Thus, this should not be an issue for trial. Additionally, there is no dispute that acetal is unsuitable for plumbing applications. As a result, this motion should be granted in its entirety and Plaintiff granted all relief to which it is justly entitled.

Respectfully submitted,

C. Wesley Vines w/permission
C. WESLEY VINES
Texas Bar No. 20586050
RICHARD M. MUNOZ
Texas Bar No. 24013212
**COZEN AND O'CONNOR**
2300 BankOne Center
1717 Main Street
Dallas, Texas 75201-7335
214-462-3000 - telephone
214-462-3299 - facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served on all parties to this lawsuit, by and through their counsel of record, on the 10th day of November, 2003, addressed as follows:

*Via Federal Express and Facsimile*
James R. Old, Jr., Esq.
GERMER GERTZ, L.L.P.
550 Fannin, Suite 700
Beaumont, TX 77701

*Via Federal Express and Facsimile*
Dale M. "Rett" Holidy, Esq.
GERMER, GERTZ, L.L.P.
Three Allen Center
333 Clay, Suite 4105
Houston, TX 77002

*C. Wesley Vines w/permission*
_____
C. WESLEY VINES

DALLAS1\121976\1 112639.000