IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| VS. | § § § § | CIVIL ACTION NO. B-02-205<br>JUDGE ANDREW S. HANEN<br>(JURY) |
| AMERICAN STANDARD INC. | § | |

### AMERICAN STANDARD INC.'S REPLY TO PLAINTIFF'S RESPONSE TO AMERICAN STANDARD INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S MARKETING DEFECT CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, AMERICAN STANDARD INC. (hereinafter "American Standard"), pursuant to FED. R. CIV. P. 56, makes this Reply to Plaintiff's Response to its Motion for Partial Summary Judgment Regarding Plaintiff's Marketing Defect Claim asserted by Transcontinental Insurance Company (hereinafter "Transcontinental"):

**I.**

### THERE IS NO EVIDENCE AMERICAN STANDARD HAD A DUTY TO WARN

Transcontinental Insurance Company (hereinafter "Transcontinental") has failed to present any evidence that American Standard had a duty to warn of any known or suspected defect in the Model 3140 Ballcock Assembly (ballcock) at the time of manufacture in 1983.[1] To prove its marketing defect cause of action, Transcontinental must prove the following five essential elements to sustain a claim for a marketing defect against American Standard:

1. a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product must exist;

2. the defendant must actually know or reasonably foresee the risk of harm at the time the product is marketed;

---

[1] See the stipulations and admissions of the parties incorporated into the parties' Joint Pre-trial Order, dated October 27, 2003.



3. the product must possess a marketing defect;

4. the absence of the warning and/or instruction must render the product unreasonably dangerous to the ultimate user or consumer of the product; and

5. the failure to warn and/or instruct must constitute a causative nexus in the product user's injury.

*McLennan v. American Eurocopter Corp.*, 245 F.3d 403, 427 (5th Cir. 2001). In its response to American Standard's Motion for Partial Summary Judgment, Transcontinental failed to present any evidence regarding any of the aforementioned elements to its cause of action.

Rule 56(e) provides, in part, that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Simply put, Transcontinental has failed to raise an issue of material fact with respect to the marketing defect claim, whether based upon strict liability or negligence.

As adept as Transcontinental is in avoiding the obvious, the obvious cannot be ignored. Texas law obviously holds a manufacture to what was known or reasonably should have been known at the time of manufacture. *McLennan*, 245 F.2d at 427; *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995); *Sims v. Washex Mach. Corp.*, 932 S.W.2d 559, 561-62 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing *Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 387 (Tex. 1991)). The "determination whether a manufacturer has a duty to warn is made *at the time the product leaves the manufacturer*." *Caterpillar*, 911 S.W.2d at 383 (emphasis added). That is 1983.

Transcontinental has yet to bring forth any evidence stating what American Standard knew or should have known in 1983 to indicate that DuPont's Delrin was not an appropriate material to use for the ballcock. All that it cited was its expert's report which says metal is ten times stronger than plastic.[2] There is no evidence that any particular metal was ten times stronger than acetal, the material which comprises the ballcock. Further, there is no evidence that acetal was not strong enough to be used in the application for which it was intended, *i.e.*, the ballcock, as in this case, which lasted for 18 years without any need for maintenance according to the Clinic's professional maintenance staff.

All that Transcontinental states *ad nauseum* is that American Standard "admits" that it in the 1990s DuPont withdrew its recommendation for the use of Delrin in plumbing products. While that is an extremely liberal view of American Standard's pleading[3] even if true, which is denied, that fact alone means nothing. **DuPont's conduct in the 1990s has absolutely nothing to do with what American Standard knew or should have known in 1983.**

The same is true for the statement that acetal will degrade over time in the presence of chlorine. There is *again no evidence* that such was known by American Standard in 1983. Indeed, Transcontinental cites to a 1999 publication for that information in its response.

Consequently, Transcontinental has failed to produce *any* evidence that American Standard had a duty to warn, much less breached that duty. For such reasons, American Standard's Motion for Partial Summary Judgment Regarding Plaintiff's Marketing Defect Claim should be granted.

---

[2] American Standard object to Dr. Eagar's report as it constitutes hearsay and is not competent summary judgment evidence. FED. R. CIV. P. 56.

[3] Merely filing a brief with the court does not make a "judicial admission." *See Dartez v. Owens-Illinois, Inc.*, 910 F.2d 1291, 1294 (5th Cir. 1990) (noting that there is a difference between pre-trial memorandum and pleadings, and stating that "the fact that the post-trial briefs were filed in a trial court does not require that they be admitted as admissions").

## II.

### AMERICAN STANDARD HAD NO POST-SALE DUTY TO WARN

In accordance with Texas law, American Standard had no post-sale duty to warn. *Dion v. Ford Motor Co.*, 804 S.W.2d 302, 310 (Tex. App.—Eastland 1991, writ denied); *McLennan v. American Eurocopter Corp.*, 245 F.3d 403, 430 (5th Cir. 2001) (citing Texas law); *Syrie v. Knoll Int'l*, 748 F.2d 304, 311-12 (5th Cir. 1984) (citing Texas law). These issues are thoroughly brief in American Standard's motions. Transcontinental improperly cites to *Bell Helicopter Co. v. Bradshaw*, 594 S.W.2d 519 (Tex. App.—Corpus Christi 1979, writ ref'd n.r.e.) for the proposition that American Standard had such a duty. What Transcontinental ignores from that case is that post-sale duties *only* arise if the manufacturer regained some form of control over the product after the initial sale. *See Bell*, 594 S.W.2d at 531-32. In the present case, it is undisputed that American Standard never regained control over the ballcock after it was sold in 1983. Hence, *Bell* does not apply, and American Standard had no post-sale duty to warn.[4]

## IV.

### THERE IS NO PROOF OF CAUSATION

The last two elements of a marketing defect claim are: (1) the absence of the warning and/or instruction must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (2) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury. *McLennan v. American Eurocopter Corp.*, 245 F.3d at 427. The only "evidence" before the Court regarding a warning is that plaintiff's expert claims in his report that something should have been printed on the ballcock, which was located in the toilet

---

[4] Transcontinental asks the Court to adopt section 10 of the Restatement of Torts (Third) for the first time in Texas. This Court is not empowered to "guess" what law might eventually be in Texas, but instead must merely apply the law of Texas. The proffered section of the new Restatement (Third) is not approved or adopted in Texas and is obviously inconsistent with Texas law. The Court should refuse plaintiff's request.

tank with a lid on it. Transcontinental offers no warning language or empirical proof that such a warning would have been heeded. In fact it is undisputed that if a warning had been given, it would not have been heeded because no one at the clinic ever removed the lid from the toilet and, thus, would not have been able to read any such warning.[5] Hence, Transcontinental has presented no evidence of a defect or causative nexus. American Standard's motion should be granted.

V.

## CONCLUSION

For the foregoing reasons, American Standard asks the Court to render partial summary judgment that Transcontinental take nothing by its claims for marketing defect under strict liability and negligence and that this Defendant receive such other and further relief, both general and special, at law and in equity, to which it is entitled.

Respectfully submitted,

**GERMER GERTZ, L.L.P.**
550 FANNIN, 7TH FLOOR
BEAUMONT, TEXAS 77701
(409) 654-6700 - TELEPHONE
(409) 835-2115 - FACSIMILE

By: _____ 
JAMES R. OLD, JR.
STATE BAR NO. 15242500
FEDERAL ID NO. 10751

ATTORNEY-IN-CHARGE FOR DEFENDANT,
AMERICAN STANDARD INC.

---

[5] See evidence filed in support of American Standard's Motion for Partial Summary Judgment Regarding Plaintiff's Marketing Defect Claim, which is incorporated by reference.

OF COUNSEL:
DALE M. "RETT" HOLIDY
STATE BAR NO. 00792937
FEDERAL ID NO. 21382
GERMER GERTZ, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by certified mail, return receipt requested, postage pre-paid and properly addressed on counsel of record as listed below on this the _26th_ day of November 2003.

C. Wesley Vines
COZEN O'CONNOR
1717 Main Street, Suite 2300
Dallas, Texas 75201



JAMES R. OLD, JR.