
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| VS. | § § § | CIVIL ACTION NO. B-02-205<br>JUDGE ANDREW S. HANEN<br>(JURY) |
| AMERICAN STANDARD INC. | § | |

### AMERICAN STANDARD INC.'S OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS

TO THE HONORABLE ANDREW S. HANEN:

Defendant, AMERICAN STANDARD INC. (hereinafter "American Standard"), pursuant to this Court's Rules makes the following Objections to Plaintiff, Transcontinental Insurance Company's (hereinafter "Transcontinental") Proposed Exhibits:

1. As part of the Joint Pretrial Order, Transcontinental identified eleven categories of exhibits it would offer at trial. American Standard has objections to specific exhibits and categories of exhibits.

2. American Standard objects to "Expert Report and supporting documentation of Paul Carper" in that such documents are hearsay, are cumulative, were created for purposes of litigation and contain hearsay ("hearsay within hearsay") statements. FED. R. EVID. 801.

3. American Standard objects to "Expert Report and supporting documentation and selected reference materials of Dr. Thomas W. Eager" in that such documents are hearsay, were created for purposes of litigation and contain hearsay statements. FED. R. EVID. 801.

4. American Standard objects to "Defendant's Supplemental Disclosures" in that such documents are hearsay. FED. R. EVID. 801.

5.     American Standard objects to "Defendant's Second Supplemental Disclosures" in that such documents are hearsay. FED. R. EVID. 801.

6.     American Standard objects to the "valve" ("ballcock assembly") as the ballcock assembly is not in the same condition or form that it was at the time of the occurrence in question. *See Silvestri v. General Motors Co.*, 271 F.3d 583, 593 (4th Cir. 2001) (court dismissed design defect claim where product in question had been substantially altered from its post-accident condition); *Iwanaga v. Diahatsu Amer. Inc.*, 2001 WL 1910564 at * 10-11 (W.D. Tex. 2001) (non-published; court excluded evidence at trial of the product in question because such evidence had been substantially altered between the time of the event in question and trial). Due to the passage of time and the conduct of Transcontinental's expert, well over a year after the incident, the ballcock assembly is in a substantially altered condition from when it allegedly failed and from when it was removed from the subject toilet. Introduction of the ballcock assembly, or even pictures of it in its altered condition, would be highly prejudicial and confusing to the jury. *See* American Standard Inc.'s Brief in Support of Motion in Limine to Exclude Ballcock Assembly from Evidence, which is incorporated by reference. FED. R. CIV. P. 10.

7.     American Standard objects to "American Standard's Answers and Objections to Plaintiff Transcontinental Insurance Company's Interrogatories." Defendant's interrogatory responses were made subject to objection. No ruling has been sought on Defendant's objections. Consequently, Plaintiff waived the right to offer specific interrogatory responses. Any objections made by American Standard are not relevant and would be offered only to confuse the jury and prejudice American Standard. FED. R. EVID. 401-403; *see* FED. R. EVID. 501; TEX. R. EVID. 513. Further, any mention that American Standard made a claim for indemnity against




DuPont would be misleading (*i.e.*, no such indemnity has been offered) and prejudicial under FED. R. EVID. 403 and would raise the issue of insurance or other secondary payors. *See* FED. R. EVID. 411.

8. American Standard objects to "American Standard's Responses and Objections to Plaintiff Transcontinental Insurance Company's Requests for Production." Defendant's production responses were made subject to objection. No ruling has been sought on Defendant's objections. Consequently, Plaintiff waived the right to offer specific production responses. Any objections made by American Standard are not relevant and would be offered only to confuse the jury and prejudice American Standard. FED. R. EVID. 401-403; *see* FED. R. EVID. 501; TEX. R. EVID. 513.

                                      Respectfully submitted,

                                      GERMER GERTZ, L.L.P.
                                      550 FANNIN, 7TH FLOOR
                                      BEAUMONT, TEXAS 77701
                                      (409) 654-6700 - TELEPHONE
                                      (409) 835-2115 - FACSIMILE

                                By: _____
                                    JAMES R. OLD, JR.
                                      STATE BAR NO. 15242500
                                      FEDERAL ID NO. 10751

                                      ATTORNEY-IN-CHARGE FOR DEFENDANT,
                                      AMERICAN STANDARD INC.

OF COUNSEL:
DALE M. "RETT" HOLIDY
STATE BAR NO. 00792937
FEDERAL ID NO. 21382
GERMER GERTZ, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by certified mail, return receipt requested, postage pre-paid and properly addressed on counsel of record as listed below on this the 26th day of November 2003.

C. Wesley Vines
COZEN O'CONNOR
1717 Main Street, Suite 2300
Dallas, Texas 75201

_____
JAMES R. OLD, JR.


